

**SIGNED this 2 day of April, 2013.**

_____

**John T. Laney, III
Chief United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO.: 12-70281- JTL |
| CHARLES D. SMITH & | ) | |
| ANNIE L. SMITH, | ) | |
| | ) | CHAPTER 7 |
|     Debtor. | ) | |
| _____ | ) | |
| | ) | |
| TERRANCE BROWN & | ) | |
| MELISSA BROWN, | ) | ADVERSARY PROCEEDING |
| | ) | NO.: 12-7023 |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES D. SMITH, | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

IN RE:                                          )
                                                )       CASE NO.: 12-70281- JTL
CHARLES D. SMITH &                              )
ANNIE L. SMITH,                                 )
                                                )       CHAPTER 7
            Debtor.                             )
_____ )
                                                )
ALICE J. SMITH,                                 )       ADVERSARY PROCEEDING
                                                )       NO.: 12-7022
            Plaintiff,                          )
                                                )
vs.                                             )
                                                )
CHARLES D. SMITH,                               )
                                                )
            Defendant.                          )
_____ )

### Memorandum Opinion

These matters come before the Court on similar motions in each adversary proceeding.  In

both proceedings, the debtor-defendant moves to dismiss for failure to state a claim upon which

relief can be granted, moves to strike certain complaint allegations, and moves for a more definite

statement.   The Court heard oral arguments on the motions November 6, 2012.  At the conclusion

of the hearing, the Court took the matters under advisement.  For the reasons set forth below, the

Court will grant in part and deny in part the debtor's motions, and the Court will grant the plaintiffs

in both matters 21 days to amend their complaints.

### I.  Background

The debtor filed his Chapter 7 case on February 28, 2012.  Despite being the defendant in

three pending Colquitt County Superior Court matters initiated by Ms. Smith and Mr. and Mrs.

Brown, the debtor did not include the plaintiffs on his original list of creditors, nor did he include

the lawsuits on his Statement of Financial Affairs. The plaintiffs therefore did not receive notice

from the Clerk's Office of the debtor's bankruptcy.  On May 22, the debtor amended his Schedule

F and Statement of Financial Affairs to include Ms. Smith and her two lawsuits against the debtor.

The debtor gave an incorrect address for Ms. Smith, but she was informed of the bankruptcy on May

26 through correspondence from the superior court regarding the stay of her lawsuits.  The debtor

did not amend to add the Browns or their lawsuit until July 13.  The Court does not know whether

the Browns had actual notice of the debtor's bankruptcy before receiving notice from the Clerk's

Office.  Because of the delay, on July 23, the debtor moved for an extension of deadlines to object

to exemptions, to object to discharge, and to file a complaint to determine dischargeability of debts.

Before Ms. Smith or the Browns appeared in the case, the Court entered a discharge order

on June 8. On June 12, Ms. Smith filed a document in the debtor's bankruptcy case captioned as a

motion for stay relief but asking the Court to determine the dischargeability of the claims in her

superior court actions.  At the July 25 hearing on the motion, the Court clarified that the proper way

to ask for a determination of dischargeability is through an adversary proceeding; if the debt is

determined nondischargeable, the Court would grant relief to prosecute the claims.

Ms. Smith filed her adversary proceeding pro se on September 18.  Her state court

actions—and her adversary complaint—allege harassment, slander, libel, threats of physical harm,

stalking, and the filing of false complaints.  She alleges fraud under § 523(a)(2), fraud or defalcation

while in a fiduciary capacity under § 523(a)(4), and willful and malicious injury under § 523(a)(6).

She also alleges that the debtor's discharge was obtained through fraud and thus the debtor's

discharge should be revoked under § 727(d)(1).  The Browns, also pro se, filed their adversary

proceeding on September 20.  They also have a pending-but-stayed lawsuit in Colquitt County

Superior Court. The complaint indicates the action involves real estate the debtor sold to the

Browns, but the record is unclear precisely what the issues are in that lawsuit.  The adversary

complaint alleges fraud in that transaction under § 523(a)(2) and willful and malicious injury under § 523(a)(6).  The Browns also seek a discharge revocation under § 727(d)(1).

In response to each complaint, the debtor moved to dismiss for failure to state a claim upon which relief can be granted, moved to strike certain allegations, and moved for a more particular statement.  The debtor asserts numerous defects in each complaint.  To be exact, the debtor asserts 16 violations of the Federal Rules of Bankruptcy Procedure in the Smith complaint and 23 in the Brown complaint.  The Court took the matters under advisement at the November 6 hearing on the motions.

While researching the matter, the Court came across Scott v. Williams (*In re* Williams), 302 B.R. 923 (Bankr. M.D. Ga. 2003) (Laney, J.), in which this Court adopted a test to determine when the Court should lift the stay to allow a movant to resume a pending state court action.  Thus the Court, in the past, had stated a party *could* get stay relief, before determining dischargeability, to continue in a pending lawsuit, whereas in the present case, the Court told Ms. Smith she must first file an adversary proceeding.  The Court wishes to be consistent, so the Court set a hearing in the main case on Ms. Smith's original motion, which the Court treated as a motion for stay relief.

The Court heard arguments on the motion on January 24, 2013.  The Court found that Ms. Smith did not meet her burden under *In re* Williams and that stay relief was not appropriate.  The Browns, never having moved for stay relief, were not a party to the hearing.  The Court again took under advisement the sufficiency of Smith and Brown complaints.

## II. Analysis

The general rules of pleading in adversary proceedings are in Federal Rule of Bankruptcy Procedure 7008, which adopts Federal Rule of Civil Procedure 8.[1]  Federal Rule 8(a)(2) requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." This rule establishes "liberal pleading standards." Erickson v. Pardus, 551 U.S. 89, 94 (2007).  It requires only "that the claim for relief be stated with brevity, conciseness, and clarity, a standard articulated many times over by federal courts throughout the country."  Wright & Miller, Federal Practice and Procedure: Civil 3d § 1215.   The complaint "does not need detailed factual allegations." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).   It need only contain enough facts to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Id. (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (ellipsis in original).  Under this "notice pleading" standard, a plaintiff need not specifically plead every element of the cause of action or allege a specific fact for each element if the allegations and reasonable inferences therefrom establish the plaintiff states "some viable legal theory."  American Federation of Labor and Congress of Industrial Organizations v. City of Miami, Florida, 637 F.3d 1178, 1186 (11th Cir. 2011); see also Lee v. Caterpillar, Inc., 2012 WL 5458179, at *1 (11th Cir. 2012).  Moreover, Federal Rule 8(e) requires courts to construe pleadings "so as to do justice."  This means that "the complaint is to be liberally construed in favor of plaintiff."  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Despite this leniency, a "complaint must contain enough facts to make a claim for relief plausible on its face; a party must plead 'factual content that allows the court to draw the reasonable

---

[1] The Court will refer to the Federal Rules of Bankruptcy Procedure as "the Bankruptcy Rules" and to the Federal Rules of Civil Procedure as "the Federal Rules." The Court will likewise refer to individual rules with these abbreviated designations. For example, Federal Rule of Civil Procedure 8 will hereinafter be referred to as "Federal Rule 8."

inference that the defendant is liable for the misconduct alleged.'" Resnick v. AvMed, Inc., 693 F.3d 1317, 1324-25 (11th Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2007)). Moreover, certain matters require more specific pleading. Relevant to this opinion is Federal Rule 9(b), applicable to adversary proceedings through Bankruptcy Rule 7009, which requires a party alleging fraud to state the circumstances constituting fraud with particularity. Federal Rule 9(b) is an exception to the simplified standard of Rule 8(a), see Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513 (2002), but Rule 9(b) does "not abrogate the concept of notice pleading." U.S. *ex rel.* Clausen v. Laboratory Corp. of America, Inc. 290 F.3d 1301, 1310 (11th Cir. 2002).

Ms. Smith and the Browns filed their complaints pro se.[2] Pro se parties are afforded more leniency with their pleadings than attorneys: "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551U.S. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) ("[P]*ro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally."). But pro se filers are still required to follow the "minimum pleading standards" of the Federal Rules, McMahon v Hunter, 2007 WL 1952906, at *6 (M.D. Fla. 2007), and "a filer's *pro se* status does not excuse her from compliance with the Federal Rules of Civil Procedure." King v. ADT Security Services, 2007 WL 2713212, at *13 (S.D. Ala. 2007) (citing Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). And "this leniency does not give a court license to serve as *de facto* counsel for a party … or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Florida, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other

---

[2] Ms. Smith is a law school graduate, but she is not licensed to practice law. The Court will consider her a typical pro se filer, but that might change for later pleadings if the Court is informed that Ms. Smith has been licensed to practice at any point.

grounds by <u>Randall v. Scott</u>, 610 F.3d 701, 709 (11th Cir. 2010) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2007)).

When considering pre-answer motions questioning the sufficiency of a complaint, the Court "must take the factual allegations of the complaint as true and make all reasonable inferences from those facts to determine whether the complaint states a claim that is plausible on its face." <u>Cline v. Tolliver</u>, 434 Fed. Appx. 823, 825 (11th Cir. 2011) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)). Motions to dismiss for failure to state a claim, motions for a more definite statement, and motions to strike are governed by Federal Rule 12(b)(6), Federal Rule 12(e), and Federal Rule(f), respectively. Bankruptcy Rule 7012(b) applies Federal Rule 12(b)–(i) to adversary proceedings.

These general concepts are the backdrop for the discussion of specifics below.  The Court will address each paragraph of the debtor's motions in order, considering more than one at a time when sensible. The Court will construe the plaintiffs' pleadings as liberally as it can within the confines of the Federal Rules and Bankruptcy Rules.  When possible, the Court will explain legal concepts in plain terms and more thoroughly than it might otherwise.  The Court hopes that educating all parties on the applicable law will ultimately save time and avoid litigation over simple pleading matters.

### A. Smith Complaint

#### 1. Paragraphs 1 and 14

The debtor states, in ¶ 1, that the plaintiff fails to state a claim under § 523(a)(2) because "there was not any extension of credit by the plaintiff."  The Court assumes the debtor intended to say the plaintiff *did not allege* an extension of credit—"there was not any extension of credit" is an improper fact-based argument when the Court must assume the complaint's allegations are true.

Paragraph 14 contends the plaintiff fails to state a claim because the plaintiff does not allege a misrepresentation by the debtor.

Broadly speaking, §523(a)(2) excepts from discharge three types of debts created through intentional misrepresentations.  The plaintiff does not specify which subsection(s) she thinks apply to her, but only § 523(a)(2)(A) conceivably applies. It makes nondischargeable

> (a) … any debt—
> …
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>     (A) false pretenses, a false representation, or actual fraud …;

Section 523(a)(2)(A) "incorporate[s] the general common law of torts," Field v. Mans, 516 U.S. 59, 70 n.9 (1995), and so "a creditor's proof of actual fraud under subsection (2)(A) requires satisfaction of the elements of common law fraud." Colombo Bank v. Sharp (In re Sharp), 340 Fed. Appx. 899, 901 (4th Cir. 2009).  The elements of a § 523(a)(2)(A) claim are the following: "the debtor made a false statement with the purpose and intention of deceiving the creditor; the creditor relied on such false statement; the creditor's reliance on the false statement was justifiably founded; and the creditor sustained damage as a result of the false statement." Fuller v. Johannessen (In re Johannessen), 76 F.3d 347, 350 (11th Cir. 1996).   Silence or omission of material fact can be the basis for a under § 523(a)(2)(A) claim if the debtor has a duty to speak. See, e.g. AT&T Universal Card Services v. Mercer (In re Mercer), 246 F.3d 391, 404 (5th Cir. 2001). On a motion to dismiss for failure to state a claim, the Court must assume that the factual allegations are true and give the plaintiff the benefit of all reasonable inferences. E.g., Rehberg v. Paulk, 611 F.3d 828, 835 n.1 (11th Cir. 2010).

The plaintiff does not state a claim under § 523(a)(2)(A). The plaintiff did not allege an extension of credit, but an extension of credit is only one possible transaction that can be the subject

of a § 523(a)(2)(A) claim.  The statute also includes money, property, services, renewal of credit, and refinance of credit obtained by misrepresentation or actual fraud. Thus, § 523(a)(2) presupposes a transfer of *something* to the plaintiff. Absent from the complaint is any allegation that the plaintiff transferred anything of value to the debtor.

Moreover, the plaintiff does not allege the debtor misrepresented anything *to her* or that she relied on any misrepresentation. The complaint states in ¶ 31, "Debtor is in violation of Bankruptcy Code 11U.S.C. § 523(a)(2) on the basis of Debtor's fraudulent acts."  The superior court lawsuits were filed, according to ¶ 4 of the adversary complaint, "in an attempt to prevent Defendant … from continuously harassing her.  The harassment has been in the form of lying to authorities on Plaintiff, filing false complaints against Plaintiff, making threats and gestures of physical injury to Plaintiff and on-going stalking of Plaintiff."  Anything in the complaint that can be construed as a misrepresentation happened to people *other* than the plaintiff.  The adversary complaint alleges that the debtor filed complaints on false information against the plaintiff (¶ 10, ¶ 14), and that the debtor lied to the police on numerous occasions about the plaintiff or about the debtor's control over real property (¶ 11, ¶ 12, ¶ 13, ¶ 17).  Paragraph 17 particularly reveals a misunderstanding of § 523(a)(2).  It states that the debtor "committed fraud when he knowingly, recklessly, and intentionally made false representations of material fact to an officer of Colquitt County …. [The officer] justifiably relied on Defendant Charles Smith's false misrepresentations …."  Nothing in the complaint can be construed as the debtor having made false statements to the plaintiff, and thus nothing can be construed as having been justifiably relied upon by the plaintiff.

Perhaps the complaints in the state court matters, which the plaintiff incorporated by reference into the adversary complaint,[3] contain this lacking information, and perhaps the plaintiff

_____

[3] In Part II.A.9.c. of this opinion, the Court explains why this was improper.

thought that incorporating those allegations into the adversary complaint would suffice.  But the

plaintiff did not attach those complaints,[4] and the Court can only test the sufficiency of a complaint

by what the Court sees.  Perhaps the plaintiff thinks § 523(a)(2) covers any loss caused by any type

of misrepresentation.  The only way the Court can make sense of the fraud allegations is with this

line of logic: the debtor made false statements in complaints and to police officers, which caused the

plaintiff to spend money on various lawsuits, money the plaintiff now does not have because of the

debtor's misrepresentations.  But that is not the type of fraud that results in nondischargeability.

"Not all frauds are included within the exception of section 523(a)(2)(A), but only those involved

in the obtaining of money, property, or services" by false pretenses, false presentations, and actual

fraud. 4 <u>Collier on Bankruptcy</u> ¶ 523.08[1][d].  Even in the best possible light, the complaint fails

to state a claim for fraud under § 523(a)(2)(A).

### 2. Paragraph 2

The debtor states the plaintiff fails to state a claim for attorney fees and punitive damages.

#### a. Attorney Fees

Bankruptcy Rule 7008(b) requires that a request for attorney's fees be pleaded as a claim.

In the plaintiff's prayer for relief, she asks that she be awarded court costs.  Court costs do not

necessarily include attorney fees.  At the January 24 hearing, the plaintiff indicated she seeks

attorney fees of approximately $9,000.00.  At least one court has noted that "few case authorities

… deal with the adequacy of pleadings to assert a claim for attorney's fees for purposes of Rule

7008(b)," <u>Charlie Y., Inc. v. Carey (<i>In re</i> Carey)</u>, 446 B.R. at 393, and so the Court did not find

much caselaw guidance. For Bankruptcy Rule 7008(b) to mean anything, however, an ambiguous

prayer and statements at a hearing are insufficient to state a claim for attorney fees.  <u>See, e.g.,</u> <u>Garcia</u>

---

[4] In Part II.A.9.c., the Court explains why attaching those complaints would have been improper.

v. Odom (*In re* Odom), 113 B.R. 623, 625 (Bankr. C.D. Cal. 1990) ("Although plead with specificity, Plaintiffs' request for fees is in the form of a prayer only.  Such a request is deemed insufficient under Rule 7008(b)."); Ramsey v. Countrywide Home Loans, Inc. (*In re* Ramsey), 424 B.R. 217, 226 (Bankr. N.D. Miss. 2009) (oral request at trial insufficient).  The Court found only one case where a naked prayer for attorney fees was held sufficient under Bankruptcy rule 7008(b) and the Federal Rules' notice pleading standard.  See Moran v. Deutsche Bank National Trust Co. as Indenture Trustee (*In re* Moran), 2012 WL 6645025 (Bankr. D. Haw. 2012).  The Court disagrees with that holding because it renders  Bankruptcy Rule 7008(b) a nullity, but even that court found relevant a contractual attorney fee provision providing extra notice.

Bankruptcy Rule 7008(b) clearly requires more than a simple prayer for attorney fees, let alone an ambiguous request for court costs. By its own terms, Bankruptcy Rule 7008(b) states that a request for attorney fees "shall be pleaded as a claim."  The Federal Rules distinguish a claim from the relief sought—Rule 8(a)(2) requires "a short and plain statement of the claim showing the pleader is entitled to relief," and Federal Rule 8(a)(3) separately requires "a demand for the relief sought."  At a minimum, Bankruptcy Rule 7008(b) requires an allegation in the body of the complaint that the pleader is entitled to attorney fees.  What is required beyond that minimum will depend on what gives a defendant fair notice of the claim, which will likely include some basis for the entitlement. Allegations as simple as "Debtor acted with actual malice and intent to deceive Plaintiff in making false representations, thus entitling Plaintiff to punitive damages … plus attorney fees" have been held sufficient.  Morsey v. Semer (*In re* Semer), 2012 WL 5305748, at *4 (Bankr. N.D. Ohio 2012).

The plaintiff in this case will require allegations more substantial.  At the January 24 hearing, the debtor's attorney noted that the plaintiff is pro se both in this and the two superior court matters,

which suggests the plaintiff has incurred no attorney fees.  Even if the plaintiff otherwise satisfies

Bankruptcy Rule 7008(b), a request for attorney fees by a pro se plaintiff is not facially plausible

and certainly does not give the debtor fair notice of what he allegedly owes or why he owes it.  The

plaintiff alleges in her state court complaint, and in this adversary proceeding, that the debtor filed

several complaints against her on false information.  Presumably, the attorney fees are from

defending herself in those proceedings, and the following discussion is based on that assumption.

Because "no general right to receive attorney's fees exists under the Bankruptcy Code," Fry

v. Dinan (In re Dinan), 448 B.R. 775, 784 (B.A.P. 9th Cir. 2011), to state a claim for attorney fees

the plaintiff must "be able to recover the fee outside of bankruptcy under state or federal law."  Id.

at 785; see also In re Carey, 446 B.R. at 390 ("[T]he allowance of claims for attorney's fees in

bankruptcy generally is recognized as governed by state law.") (citing Travelers Casualty & Surety

Co. v. Pacific Gas & Electric Co., 549 U.S. 443 (2007).  And of course, in this context, the fees

themselves must be nondischargeable. Thus, at issue are the following questions: Is the plaintiff

entitled to attorney fees under Georgia law for fees incurred defending herself from false

complaints? If so, are those attorney fees nondischargeable?

### i. Attorney Fees Under Georgia Law

The plaintiff alleges the debtor filed false complaints against her. Georgia recognizes

malicious prosecution as a cause of action. See O.C.G.A. § 51-7-40; see also McKissick v. S.O.A.,

Inc., 299 Ga. App. 772, 774, 684 S.E.2d 24, 27 (2009) (listing the elements of malicious

prosecution). Malicious prosecution is an intentional tort, see Cantrell v. Allstate Ins. Co., 202 Ga.

App. 859, 415 S.E. 2d 711 (1992), and "every intentional tort invokes a species of bad faith and

entitles a person so wronged to recover the expenses of litigation including attorney fees." Carroll

v. Johnson, 144 Ga. App. 750, 752, 242 S.E. 2d 296, 298 (1978). Expenses incurred defending the

criminal prosecution, including attorney fees and loss of time, "represent a proper element of actual damages." Rae v. Griffin, 160 Ga. App. 96, 96, 286 S.E. 2d 64, 65 (1981). Thus, if the plaintiff can win a malicious prosecution action, under Georgia law she is entitled to recover money spent defending herself, including attorney fees.

### ii. Dischargeability of Attorney Fees

In Cohen v. de la Cruz, 523 U.S. 213 (1998), the Supreme Court held that § 523(a)(2)(A) excepted from discharge any liability arising from fraudulently obtained money, property, services, or credit, including punitive damages and attorney fees. See id. at 223. The Court's holding turned on its interpretation of "debt for" in § 523(a)(2). See id. at 219-21. "Debt for" comes up in other subsections, including (a)(6), which excepts from discharge "any debt—for willful and malicious injury by the debtor to another entity or to the property of another entity." Thus the Court's holding is not limited to § (a)(2) debts. See id.; In re Dinan, 448 B.R. at 785 ("The Supreme Court did not limit its holding in Cohen to cases only under section 523 (a)(2)(A). The Court also cited sections 523(a)(1)(B), (a)(4), (a)(6), and (a)(9) as clear examples of instances in which damages, including attorney's fees, that exceed actual damages would be nondischargeable."). Attorney fees incurred because of a debtor's willful and malicious acts are therefore nondischargeable.

A § 523(a)(6) claim can be based on acts giving rise to a malicious prosecution claim in Georgia. See Kasper v. Turnage (In re Turnage), 460 B.R. 341, 346 (Bankr. N.D. Ga. 2011) ("That is because the elements required to prove malicious prosecution … under Georgia law closely resemble the elements needed to establish a willful and malicious injury for purposes of section 523(a)(6)."). However, a dischargeable malicious prosecution judgment—and thus any attorney fees awarded—is possible. Under Georgia law, the essential element "malice" can be inferred from the defendant's reckless disregard or conscious indifference, or from lack of probable cause. E.g.,

Fleming v. U-Haul Co. of Georgia, 246 Ga. App 681, 684, 541 S.E. 2d 75, 78-79 (2000).  But

"[r]ecklessly or negligently inflicted injuries are not excepted from discharge under § 523(a)(6)."

Maxfield v. Jennings (In re Jennings), 670 F.3d 1329, 1334 (11th Cir. 2012) (citing Kawaauhau v.

Geiger, 523 U.S. 57, 64 (1998)).  In the Eleventh Circuit, a debtor commits "a 'willful' injury when

he or she commits an intentional act the purpose of which is to cause injury or which is substantially

certain to cause injury," and "malicious" means "wrongful and without just cause or excessive even

in the absence of personal hatred, spite or ill-will."  Id. (quoting Hope v. Walker (In re Walker), 48

F.3d 1161, 1164 (11th Cir. 1989)).  So for the plaintiff's malicious prosecution claim to be

dischargeable through § 523(a)(6), it must be based on "an intentional act the purpose of which is

to cause injury or which is substantially certain to cause injury," and not merely reckless disregard.[5]

The plaintiff alleges that the false complaints were filed "deliberately and maliciously." ¶ 16.

Assuming a court finds likewise, a successful malicious prosecution claim would be

nondischargeable, as would any attorney fees spent because of the malicious prosecution.

As stated above, the plaintiff has not stated a claim for attorney fees. The Court can only

speculate as to whether a set of facts and inferences exist that entitle her to attorney fees, but the

Court cannot assume the existence of facts not pleaded or not capable of being reasonably inferred.

If the plaintiff wishes to pursue attorney fees, she must state the claim in the body of the complaint,

and she must allege enough facts to make the claim plausible.

### b. Punitive Damages

Bankruptcy Rule 7008(b) does not require punitive damages to be pleaded as a claim, so a

plaintiff does not have to "state a claim" for punitive damages.  Perhaps the debtor intended to state

that punitive damages are an item of special damage under Federal Rule 9(g). That rule, applicable

---

[5] A malicious prosecution claim based on recklessness can be nondischargeable if a debtor intentionally omits the
liability from his schedules. For a longer discussion on this, see footnote 20 in Part II.B.3.a.

to adversary proceedings through Bankruptcy Rule 7009, states, "If an item of special damage is claimed, it must be specifically stated." Punitive damages are not an item of special damage. <u>See, e.g.</u>, <u>Scutieri v. Paige</u>, 808 F.2d 785, 790-90 (11th Cir. 1987) (district court clearly erred in not submitting punitive damage issue to jury even when complaint did not specifically request punitive damages because "complaint specifically alleged that Defendants acted maliciously, wantonly, willfully and in bad faith and with a reckless disregard for Plaintiffs' rights."); <u>see also</u> <u>Guillen v. Kuykendall</u>, 470 F.2d 745, 748 (5th Cir. 1972) ("It is not necessary to claim exemplary damages by specific denomination if the facts show that the wrong complained of was inflicted with malice, oppression, or the like circumstances of oppression.") (citations and internal quotation marks omitted). The plaintiff's factual allegations would be enough to put the debtor on notice that punitive damages were at issue, and the specific prayer more than suffices.[6]

### 3. Paragraphs 3, 4, 5, 9, 10, 11, and 13

The above paragraphs all argue a related point—that the plaintiff does not state the circumstances constituting fraud with particularity.

Bankruptcy Rule 7009 applies Federal Rule 9 to adversary proceedings. Federal Rule 9(b) states, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This rule "requires more than conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud." <u>West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc.</u>, 287 Fed. Appx. 81, 86 (11th Cir. 2008). To satisfy the particularity requirement, the Eleventh Circuit "generally require[s] that a complaint identify (1) the precise statements, documents or misrepresentations

---

[6] The plaintiff also seeks, without specifying, special damages. Federal Rule 9(g), applicable to adversary proceedings via Bankruptcy Rule 9, requires that items of special damages be specifically stated. The plaintiffs cannot recover special damages they do not state specifically. <u>E.g.</u>, <u>Smith v. DeBartoli</u>, 769 F.2d 451, 453 n.2 (7th Cir. 1985).

made; (2) the time and place of and persons responsible for the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the Defendants gained by the alleged fraud." Id.; see also U.S. ex rel Clausen v. Laboratory Corp. of America, Inc., 290 F.3d 1301, 1310 (11th Cir. 2002).

The Court has already concluded that the plaintiff fails to state a claim for fraud under § 523(a)(2). The plaintiff also alleges fraud under § 523(a)(4) and § 727(d)(1). The Court will analyze the allegations supporting both claims.

### a. Section 523(a)(4) Claim

Section 523(a)(4) excepts from discharge "any debt—for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The plaintiff alleges that the debtor falsely represented—to a police officer—"that he is the executor of the estate of our parents and that he has control of [certain real property]."[7] ¶ 17(d). Elsewhere in the complaint, the plaintiff alleges the debtor "has been attempting to take their property for more than 25 years," ¶ 21, "has a long history of taking financial advantage of his own parents," ¶ 4, "stole several hundred dollars and our Father's check book from our Mother's purse," ¶ 4, has stolen various checks sent from the government to the parents, ¶ 4, has stolen their parents' farm equipment, ¶ 4, and has tried to force the parents out of their home. ¶ 4. The plaintiff concludes, "Defendant is in violation of 11 U.S.C. § 523(a)(4) since he claims to be executor of the estate of [the parents], but has continuously violated his fiduciary duty by committing fraud, bullying and harassing others."[8] ¶ 33.

---

[7] In another pleading in the main case, the plaintiff attached handwritten notes purporting to be from the debtor, and in those notes the debtor demands rent under authority as executor of his parents' estate. See Motion for Relief from Stay, June 12, 2012, 12-70281, ECF No. 21. Those documents are not attached to the complaint, and thus the Court does not consider them.

[8] Federal law controls "[w]hether a relationship is a fiduciary relationship within the meaning of 11 U.S.C. 523(a)(4)." Tudor Oaks Ltd. Partnership v. Cochrane (In re Cochrane), 124 F.3d 978, 984 (8th Cir. 1997). And "[u]nder federal common law, executors are the type of fiduciaries that § 523(a)(4) was meant to include." Donham v. Walters (In re Walters), 2011 WL 2224616, at *8 (Bankr. N.D. W. Va. 2011).

The plaintiff does not allege the debtor actually is a fiduciary—she alleges the debtor falsely misrepresented to a police officer that he is the executor of his parents' estate, and because he claimed to be their executor, he should fall under § 523(a)(4).  The plaintiff essentially reads into § 523(a)(4) an estoppel component.  But § 523(a)(4) is clear: the debtor must act in a fiduciary capacity.  See also Allen v. Scott (In re Scott), 481 B.R. 119, 180 (Bankr. N.D. Ala. 2012) ("Courts universally apply a two-part test to determine whether a debt is nondischargeable under section 523(a)(4).  That test is: (1) Was the defendant acting in a fiduciary capacity; and, (2) Did the defendant commit an act of defalcation while acting in that capacity.").  Because the plaintiff does not allege a fiduciary relationship, the plaintiff fails to state a claim under § 523(a)(4).

Amending to affirmatively allege a fiduciary relationship will likely be ineffective.  The complaint alleges the debtor is trying to take property currently owned by the parents—¶ 21 states that certain real estate "is property owned by our parents." The complaint is otherwise unclear about whether the parents are still alive.  If the parents are alive, there is no estate; with no estate to be an executor of, fiduciary obligations arising from being an executor cannot exist.  A claim based on a fiduciary relationship that cannot possibly exist is not facially plausible.  But the claim under § 523(a)(4) suffers another, more insurmountable defect.    Section 523(c)(1) requires that dischargeability complaints under §§ 523(a)(2), (a)(4), and (a)(6) be made "on request of the creditor to whom such debt is owed."  The plaintiff does not have standing to object to the dischargeability of any § 523(a)(4) debts unless the debt is to her.  Any fiduciary obligations, and debts arising therefrom, are owed to the parents, not her.

### b. Section 727(d)(1) Claim

The plaintiff asks that the debtor's discharge be revoked under § 727(d)(1) because the debtor's bankruptcy schedules allegedly include property he does not own and omit property he does own.

Section 727(d)(1) revokes a discharge "obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge."  Section 727(a)(4)(A) denies a discharge not already granted when "the debtor knowingly or fraudulently, or in connection with the case—made a false oath or account." Revocation of discharge under § 727(d)(1) can be based  on a false oath or account under  § 727(a)(4)(A).  Walton v. Paul (*In re* Paul), 2012 WL 4894581, at *3 (citing Walton v. Staub (*In re* Staub), 208 B.R. 602, 604 (Bankr. S.D. Ga. 1997)).  Moreover, misrepresentations and omissions in schedules "may qualify as a false oath made in connection with the bankruptcy case." Id.  (citing Stamat v. Neary (*In re* Stamat), 635 F.3d 974, 982 (7th Cir. 2011)).  Thus, the Court can revoke a discharge because of misrepresentations and omissions in bankruptcy schedules.

The Court will revoke a discharge  "if the following criteria have been satisfied: (1) the debtor obtained the discharge through fraud; (2) the creditor possessed no knowledge of the debtor's fraud prior to the granting of the discharge; and (3) the fraud, if known, would have resulted in the denial of the discharge under 11 U.S.C. § 727(a)." The Cadle Co. v. Parks-Matos (*In re* Matos), 267 Fed. Appx. 884, 887 (11th Cir. 2008).  Under § 727(a)(4)(A), the plaintiff must show "(1) the debtor made a statement under oath, (2) the statement was false, (3) the debtor knew the statement was false, (4) the debtor made the statement with fraudulent intent, and (5) the statement related materially to the bankruptcy case." *In re* Paul, 2012 WL 4894581, at *3 (quoting Pioneer Credit Company v. Roubieu (*In re* Roubieu), 2005 WL 6459370, at *4 (Bankr. N.D. Ga. 2005)).  When a

§ 727(d)(1) claim is based on § 727(a)(4)(A), the elements partially merge, and a plaintiff states a claim under § 727(d)(1) if she states a claim under § 727(a)(4)(A) and alleges no knowledge of the fraud before the discharge.

The plaintiff does not mention when she became aware of the alleged fraud.  However, the plaintiff did not know about the bankruptcy filing until May 26, 2012—twelve days before the order of discharge was entered.  She became aware of the bankruptcy through the debtor's Plea of Stay on Account of Bankruptcy filed in the superior court matters.  Despite two pending lawsuits, the debtor originally did not list the plaintiff on his Schedule F.  Moreover, when the debtor amended to add the plaintiff, on May 22, he gave an incorrect address.  These errors prompted the debtor to move, on July 23, for an extension of time for parties to object to discharge and to file a complaint to determine dischargeability, which the Court granted two days later.  That motion was filed 45 days after the June 8 discharge.

Bankruptcy Rule 4004(a) states that parties must object to discharge no later than 60 days after the first date set for the meeting of creditors. That deadline was June 4. Bankruptcy Rule 4004(b)(1) allows the Court, for cause and on motion of any party in interest, to extend the time to object to discharge. Under that subsection, "the motion shall be filed before the time has expired." Bankruptcy Rule 4004(b)(2) is an exception to the requirement of filing before the time expires. It states,

> A motion to extend the time to object to discharge may be filed after the time for objection has expired and before discharge is granted if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection.

The debtor filed—and the Court granted—the motion to extend *after* the discharge, which is a scenario outside of the Bankruptcy Rule 4004(b)(2)'s exception. Bankruptcy Rule 9006(b)(3)

states that the Court can enlarge the time to object under 4004(a) "only to the extent and under the conditions stated in those rules." Thus it appears the Court improperly granted an untimely motion. See also <u>In re</u> Biggs, 2012 WL 2974885, at *3 (Bankr. S.D. Fla. 2012) (motions to extend filed after entry of discharge order do not satisfy Bankruptcy Rule 4004(b)(2)).[9] The situation is also unusual in that, while Rule 4004(b)(1) refers to "any party in interest," subsection (b)(2) clearly envisions a nondebtor movant. The debtor cannot "learn after discharge" facts already known that would result in a revocation, nor can the debtor "not have knowledge" of facts in time to object to his own discharge. Revocations under § 727(d) are based on certain bad acts the debtor has already done and knows about. So a debtor movant can never meet the standard in Bankruptcy Rule 4004(b)(2).

Because of this aberration, whether this claim is for revocation of discharge under § 727(d)(1) or an objection to discharge under § 727(a)(4)(A) is unclear.[10] The Court extended the time to object to discharge (albeit after the discharge was granted), and the plaintiff filed the complaint before the deadline, so calling this claim an objection to discharge is reasonable. But logically, a party cannot object under § 727(a)(4)(A) to a discharge already granted—a granted discharge can only be revoked under § 727(d)(1), not objected to retrospectively through § 727(a)(4)(A). The difference is important. If the Court treats the claim as one under § 727(d)(1), the plaintiff must prove an extra element—not knowing about the fraud before discharge. It is possible that the plaintiff, in the time between receiving notice of the debtor's bankruptcy and the debtor's discharge, became aware of the fraud. In that case, the Court would face the absurd result

---

[9] Implicitly, Bankruptcy Rule 4004(c)(1), at subsections (B) and (E), also establishes this point. It states, "In a chapter 7 case, on expiration of the times fixed for objecting to discharge … the court shall forthwith grant the discharge unless … (B) a complaint … objecting to the discharge has been filed and not decided in the debtor's favor; [or] … (E) a motion to extend the time for filing a complaint objecting to discharge is pending." This rule clearly seeks to resolve all objections to discharge before the discharge.

[10] The Court has been using "objection to discharge" in its limited meaning under § 727(c)(1) ("The trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section.") and Bankruptcy Rule 4004. In a broader sense, a claim under § 727(d)(1) objects to a discharge, one already granted, and seeks of revocation.

that both a § 727(a)(4)(A) claim and a § 727(d)(1) claim would be untimely when the Court extended the time—on the debtor's request—specifically to allow a timely complaint to determine whether the debtor is entitled to a discharge.[11]

Because the debtor requested the extension of time—due to lack of notice caused by the debtor's own mistakes—the Court finds that the debtor has waived any defenses based on timeliness of any dischargeability objection or revocation proceeding. If the debtor views the claim as an objection to discharge under § 727(a)(4)(A), the debtor has waived the defense that a party cannot object to discharge after the discharge. If the debtor views the claim as a request for revocation under § 727(d)(1), the debtor has waived the defense of pre-discharge knowledge of fraud. The plaintiff, therefore, does not have to prove that she did not know about the fraud before discharge. The practical effect is that the plaintiff need only prove the elements of a § 727(a)(4)(A) claim.

The Court will now discuss the allegations supporting the claim. The plaintiff alleges the following misrepresentations and omissions on Schedules A and B:

- "Property listed on Debtor's Amended Schedule A – Real Property is not properly listed. The 1st & 3rd properties do not provide an address that gives an actual location of the property. These are two properties Debtor is attempting to steal from other Owners and mislead the Bankruptcy Court." ¶ 20.

- "As to the 3rd property on Schedule A – Real Property, Debtor is attempting to take it outright. (See false affidavits and Colquitt County Property Card from Tax Assessor's Office, EXHIBIT F)." ¶ 23.

- "On Amended Schedule C, Debtor cannot claim an exemption of property he does not won [sic]. Debtor does not own and has no interest in properties 1 & 3 on the Amended Schedule C."[12] ¶ 30.

- "The 2nd property … is property owned by our parents. Defendant has been attempting to take their property for more than 25 years." ¶ 21.

- "Though Debtor lists a 1/10 interest on the schedule for the 2nd property, he has been

---

[11] Of course, it is also possible that the plaintiff did not have enough time to discover the fraud before the discharge.
[12] These properties correspond to the first and third properties on Schedule A.

aggressively attempting to take the entire property …." ¶ 22.

- "Debtor has no original deed for the [fourth property]. Debtor is attempting to manipulate the Bankruptcy Court regarding all the properties on Amended Schedule A – Real Property." ¶ 24.

- "Debtor has completely omitted real property that he does own in an attempt to conceal assets from the Bankruptcy Court and Creditors. Debtor is required to list all assets pursuant to 11 U.S.C. §521(1) [sic]."[13] ¶ 25.

- "Debtor is in violation of 11 U.S.C. §521(1) regarding his Amended Schedule B – Personal Property." ¶ 29.

As is obvious in these allegations (and as articulated at the hearings), the plaintiff thinks the debtor is claiming ownership of property that is not his. The plaintiff indicated at the hearings she thinks listing property on Schedule A somehow creates ownership rights or legitimate claims to property the debtor otherwise does not have.[14] Certain land has been the center of a longstanding family dispute, the plaintiff sees bankruptcy schedules stating the debtor has interests in that land, and now the dispute has taken center stage in bankruptcy court. The Court wants to remind the plaintiff that debtors *must* disclose every interest in land, no matter how small, no matter how contingent, no matter how remote. The debtor must disclose land he merely thinks he has an interest in, even if he is ultimately wrong. Mistreatment of family members has no bearing on whether land is properly scheduled.

The Court will now address each of the plaintiff's claims of false oaths.

### i. First Property on Schedule A

The plaintiff alleges the property is not properly listed because Schedule A does "not provide an address that gives an actual location of the property." ¶ 23. This is an ambiguous objection. The

---

[13] Ms. Smith, the Browns, and the debtor all at some point mistakenly refer to 11 U.S.C. § 521(1), which does not exist. Former § 521(1) is current § 521(a), and the debtor's duty to disclose assets is in § 521(a)(1)(B)(i). This error comes up multiple times in the opinion, and hereinafter the Court will not indicate the error with "[sic]."
[14] This is not strictly relevant when the Court cannot look behind the pleadings. The Court is merely giving context.

property is listed as 0.07 acres located on U.S. Highway 319 N. in Norman Park, Georgia. The Court

does not know whether the plaintiff is alleging that this address is false or insufficiently describes

where the property is. If the plaintiff thinks the location given is false, she has not stated so with

particularity.  If she merely thinks the description is insufficient, the issue is not one of a false oath

but rather whether the trustee has enough information to determine whether to investigate further.

See Donarumo v. Furlong (*In re* Furlong), 660 F.3d 81, 87 (1st Cir. 2011).  That is for the trustee

to decide.

The plaintiff also asserts that the debtor does not own, and has no interest in, this property. ¶

30. She further alleges the debtor is trying to steal it from other people. ¶ 20.   The debtor must

schedule any property he owns or claims to own, whether or not the plaintiff agrees with the debtor's

assessment of ownership.  The debtor clearly thinks he owns this property.  Omitting property that

could possibly benefit the estate would have been a basis for a § 727(a)(4)(A) or a § 727(d)(1) claim,

so debtors should err on the side of overinclusion.  And as more fully explained below in the Court's

discussion of the second property on Schedule A, *including* property that should be omitted—rather

than omitting property that should be included—is not the type of false oath § 727(a)(4)(A)

contemplates.

### ii. Second Property on Schedule A

The plaintiff claims the second property is owned by her (and the debtor's) parents and that

the debtor is trying to "take" it. ¶ 21.  Schedule A says the debtor is a co-owner in the property with

a one-tenth interest.  The Court is still unsure whether one or both parents are living or deceased.

If the parents are living and own the property, the debtor arguably misrepresented an ownership

interest.[15]  But barring extraordinary circumstances, this type of misrepresentation would not result

---

[15] The Court uses "arguably" because the parents could still be alive and the debtor could have a future interest in the
property.  In that case, scheduling it was not only proper but mandatory, claiming to currently be a co-owner would be
misleading.

in denial of discharge because it does not relate materially to the bankruptcy case.  A false oath

materially relates to the case "if it bears a relationship to the bankrupt's business transactions or

estate, or concerns the discovery of assets, business dealings, or the existence and disposition of …

property."  Chalik v. Moorefield (*In re* Chalik), 748 F.2d 616, 618 (11th Cir. 1984).  Property the

debtor has no interest in does not meet this standard. If the estate has "no interest in property that

was omitted from a schedule, the omission is not material and should not be a ground for denying

a discharge."  6 Collier on Bankruptcy ¶ 727.04[1][b] (Resnick & Sommer eds., 16th ed.).  While

the issue here is not an omission, the concept is the same—the estate has no interest in property the

debtor has no interest in, and thus the inclusion does not materially relate to the bankruptcy case.

Moreover, intent to defraud in a Chapter 7 case through claiming to own *more* property is difficult

to fathom.

### iii. Third Property on Schedule A

Like with the first property, the plaintiff alleges that the debtor does "not provide an address

that gives an actual location of the property." ¶ 20.   The debtor scheduled a one-tenth interest in

property located at U.S. Highway 319 N., Norman Park, Georgia.  The Court reiterates the points

made regarding the first property.

The plaintiff also states that the debtor does not own the property, ¶ 30, and "is attempting

to take [the property] outright." ¶ 23.  The plaintiff then points to attached Exhibit F, which she

refers to as "false affidavits and Colquitt County Property Card from Tax Assessor's Office." ¶ 23.

The first affidavit is of the debtor.  It states that the debtor has been in possession of certain property

(described via metes and bounds) "[f]or in excess of twenty five years prior to the date of" the

affidavit.  It also states that his "possession of the subject property has been public, continuous,

exclusive, uninterrupted, and peaceable," and that he "make[s] claim to the same."   The other

24

affidavit is from someone familiar with the property, who states that the property "has been claimed by Willie Lee Smith and Charles D. Smith for at least 40 years."  Both affidavits were recorded in the real estate records at the Colquitt County Superior Court Clerk's Office.  The property record card lists the owners as Charles Smith and the estate of Willie Lee Smith.

The elements of a § 727(a)(4)(A) claim, as listed above, are (1) a debtor's statement under oath that is (2) false, (3) which the debtor knew was false and (4) which the debtor made with fraudulent intent, and (5) which related materially to the bankruptcy case.  At this stage, the Court "must take the factual allegations of the complaint as true and make all reasonable inferences from those facts to determine whether the complaint states a claim that is plausible on its face." Cline v. Tolliver, 434 Fed. Appx. 823, 825 (11th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting Twombly, 550 U.S. at 570).

The plaintiff states a claim under § 727(a)(4)(A).  The debtor scheduled a one-tenth interest in certain property, which the plaintiff alleges the debtor is trying "to take."  The plaintiff references attached affidavits filed in the real estate records establishing the debtor claims to have acquired at least a one-half (and possibly full) interest in the property through adverse possession.  The plaintiff also points to a Colquitt County Tax Assessor record listing the debtor as one of two owners. Moreover, the plaintiff alleges, "Debtor is attempting to manipulate the Bankruptcy Court regarding all the properties" on Schedule A, ¶ 24, and that the debtor is "attempting to … mislead the Bankruptcy Court" about this property. ¶ 20. Taking the allegations as true and giving the plaintiff the benefit of all reasonable inferences, the plaintiff states a claim that the debtor (1) made a

statement under oath (in Schedule A), (2) that was false (one-tenth instead of one-half or full),[16] (3) that the debtor knew was false (the Court can infer from the debtor's affidavit he knew one-tenth was false), (4) that the debtor made with fraudulent intent (the debtor is trying to manipulate and mislead the Court),[17] (5) that related materially to the bankruptcy case (the statement concerns the existence of an interest of property, and the estate might have an interest in the full value or half value of the property).

Moreover, the plaintiff alleges fraud with sufficient particularity. Federal Rule 9(b) is intended to "alert[] defendants to the 'precise misconduct with which they are charged' and protect[] defendants 'against spurious charges.'" Ziemba v. Cascade International, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting Durham v. Business Management Associates, 847 F.2d 1505, 1511 (11th Cir. 1988); see also Wolsten v. Docteroff (In re Docteroff), 133 F.3d 210, 217 (3rd Cir. 1997) ("The purpose of the rule is to allow a defendant to meaningfully respond to a complaint."). Some courts hold that the particularity required for § 727(a)(4)(A) claims is less than that for other types of fraud claims. See, e.g., Boan v. Damrill (In re Damrill), 232 B.R. 767, 774 (Bankr. W.D. Mo. 1999). This makes sense because the debtor requires fewer details to meaningfully respond. For instance, if a plaintiff alleges omissions from bankruptcy schedules, it is senseless to speak of the time and place of the misrepresentations, or the manner in which the statements misled the plaintiff, or what the debtor gained as a result of the misrepresentations.  Moreover, the existence of a specific location

---

[16] The plaintiff claims the debtor does not own the property—she apparently thinks the debtor is trying to "steal" the property through adverse possession.  So the plaintiff thinks the false oath is the debtor claiming he owns property when he actually does not, rather than omitting the full extent of his interest.  But this is based on the plaintiff's mistaken legal conclusion that adverse possession is tantamount to theft.  That the plaintiff does not fully understand the legal significance of the affidavits does not transform a claim plausible on its face into a nonclaim.

[17] In ¶ 10 of the debtor's motion, the debtor states, "[T]he plaintiff does not allege any intent on the part of the debtor to defraud, and intent to defraud is an essential element of fraud which is not alleged with particularity as required by Rule 7009."  This is a misstatement of the law. Bankruptcy Rule 7009, through Federal Rule 9(b), specifically exempts "intent" from the particularity requirement: "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Federal Rules do not require magic words or specific appellations, especially from a pro se plaintiff.  Alleging that the debtor is trying to manipulate and mislead the Court regarding Schedule A is sufficient to allege intent generally.

on a tangible item—i.e., Schedule A on the debtor's bankruptcy petition—creates an inherent particularity not found in typical fraud cases.

The complaint is not perfect, but the debtor knows precisely what he is alleged to have done, what property is at issue, what documents are in play, and what is at stake. Fraud allegations need not be elaborate. The plaintiff need not prove her case in the complaint, nor must she allege the fine points of an alleged scheme. The defendant can meaningfully respond to this claim.

### iv. Fourth Property on Schedule A

The plaintiff alleges in ¶ 24 that the debtor has no original deed for this property.  Deeds are not required for an interest in property, so the plaintiff does not allege a false statement.  Even if the debtor lacked *any* deed he is required to schedule his interest in the property.  And "original deed" is ambiguous. The Court does not know whether the plaintiff is alleging the debtor has no deed but owns the property otherwise, or he had an original deed he lost, or he has no deed because he does not own the property.  And again, including property not owned does not relate materially to the case.

### v. Unspecified Omitted Real Property

The plaintiff alleges, "Debtor has completely omitted real property that he does own in an attempt to conceal assets from the Bankruptcy Court and Creditors.  Debtor is required to list all assets pursuant to 11 U.S.C. §521(1)." ¶ 25.  This is the only allusion to unscheduled real property. In the context of a § 727(a)(4)(A) claim, the complaint "must include more than just a bare allegation that a debtor failed to list something on his schedules." Boan v. Damrill (*In re* Damrill), 232 B.R. 767, 774 (Bankr. W.D. Mo. 1999).

### vi. Unspecifed Omitted Personal Property

The plaintiff alleges the debtor "is in violation of 11 U.S.C. §521(1) regarding his Amended

Schedule B – Personal Property."  Again, this bare allegation is insufficient.

### 4. Paragraph 6

Paragraph  6 states, "The complaint refers to alleged claims of third parties, claims that

plaintiff cannot pursue, and claims that are over 4 years old (paragraph 19) and barred by the statute

of limitations and therefore the complaint fails to state a claim upon which relief can be granted."

The complaint's ¶ 19 states, "Defendant has willfully and maliciously caused on-going financial and

emotional injury for a period of over 20 years solely for the purpose of taking property he does not

own." The debtor's reference to claims of third parties is ambiguous—the Court is unsure whether

the debtor refers to the § 523(a)(4) claim discussed earlier or whether the debtor thinks ¶ 19 asserts

a third party claim for willful and malicious injury under § 523(a)(6).  As noted in Part II.A.3.a., §

523(c)(1) requires that dischargeability complaints under §§ 523(a)(2), (a)(4), and (a)(6) be made

"on request of the creditor to whom such debt is owned."  To the extent the plaintiff asserts third

party claims not already addressed, the Court finds she has no standing.

Paragraph 19 can also be read as supporting the plaintiff's *own* § 523(a)(6) claims. The

debtor contends the plaintiff fails to state a claim under § 523(a)(6)  because the four-year statute

of limitations has run on the actions alleged in ¶ 19. The four-year statute of limitations the debtor

refers to is presumably that for injuries to personal property, codified at O.C.G.A. § 9-3-31. Claims

under § 523(a)(6) also implicate the two-year statute of limitations for personal injuries and one-year

statute of limitations for slander, both codified at O.C.G.A. § 9-3-33. The debtor alleges acts that

potentially form the basis of numerous § 523(a)(6) claims—she alleges harassment, slander, libel,

threats of physical harm, stalking, and the filing of false complaints, each of which might be its own

28

cause of action.[18]

Under Federal Rule 8(c), applicable to adversary proceedings via Bankruptcy Rule 7008, the statute of limitations is a defense that must be raised in a responsive pleading, not in a motion to dismiss. The plaintiff is not required to negate this affirmative defense by pleading compliance with the statute of limitations. La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004).  Dismissal for failure to state a claim "on a statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." Id. (quoting Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003)).  Paragraph 19 states the debtor "has willfully and maliciously caused on-going financial and emotional injury for a period of over 20 years."  Even if this allegation contained the only reference to timeframe, it would not be apparent on the face of the complaint that any claim is time-barred. The complaint contains multiple allegations dated in various months of 2010 supporting the willful and malicious injury claim, and the superior court matters—which form the basis of the § 523(a)(6) claims—were filed in 2011.  It is apparent on the face of the complaint that any § 523(a)(6) claims with a limitations period two years or more are *not* time-barred.

### 5. Paragraph 7

The complaint's Exhibit A is a photocopy of a check the debtor indorsed and on which he wrote his social security number.  The debtor states that "Exhibit A to the complaint must be redacted since it contains the entire social security number of debtor in violation of the Court's rules and the applicable privacy laws." Our Local Rule 5075-1(a) says the following:

(a) **Redaction by the Clerk of the Court.**  Any entity needing to redact information on file with the Court may file a request for redaction. Such request shall specify the document containing the information and a contention that the information is one or more of the

---

[18] The sufficiency of these claims are not challenged, other than indirectly through this motion to dismiss for untimeliness, and so the Court did not research and will not now discuss these claims.

following types:

(i)      Social Security numbers
…

Upon filing such request, the Clerk of Court shall remove the subject document from the public docket. The party requesting redaction shall file with the Court a replacement document with all necessary redaction properly executed by the filer within 14 days from the date of the request. If no replacement document is filed, the Clerk of Court shall place the original document back on the public docket.

Normally, a party cannot request a redaction through a Rule 12 motion. But to expedite matters, the Court will direct the Clerk of the Court to remove Exhibit A.  The plaintiff will have 14 days to file a redacted Exhibit A.

### 6. Paragraph 8

The debtor states that the complaint's ¶ 30 improperly objects to the claim of exempt property through a complaint.  That paragraph states, "On Amended Schedule C, Debtor cannot claim an exemption of property he does not won [sic].  Debtor does not own and has no interest in properties 1 & 3 on the Amended Schedule C. "

The debtor is correct that objections to exemptions cannot be initiated through a complaint. Part VII of the Bankruptcy Rules govern procedure in adversary proceedings. Bankruptcy Rule 7003, which applies Federal Rule 3 to adversary proceedings, states that adversary proceedings are commenced by filing a complaint with the court.  Bankruptcy Rule 7001 contains an exclusive list of proceedings the Bankruptcy Code classifies as adversary proceedings—that is, it contains an exclusive list of proceedings  requiring a complaint.  Objections to exemptions are not on the list. Disputes not governed by Part VII are contested matters governed by Bankruptcy Rule 9014. Bankruptcy Rule 9014(a) states, "In a contested matter not otherwise governed by these rules, relief shall be requested by motion." See also Bankruptcy Rule 4003(b) ("[A] party in interest may file an objection to the list of property claimed as exempt ….").

However, the plaintiff is not objecting to an exemption.  She is not alleging the debtor is not entitled to a certain exemption—she is alleging the debtor does not own the first and third properties on Schedule C, which are also the first and third properties listed on Schedule A. The plaintiff already voiced her thoughts on Schedule A earlier in the complaint.  Because the allegation is redundant, it violates Federal Rule 8(a)(2)'s requirement that a statement of the claim be short and plain.

### 7. Paragraph 12

The complaint's ¶¶ 17(d) and 33 allege, respectively, (1) the debtor falsely represented being the executor of his parents' estate and (2) the debtor violated his fiduciary duties as executor through fraud. The debtor contends      that this inconsistency is so vague or ambiguous that the debtor cannot reasonably prepare a response. The debtor moves for a more definite statement under Federal Rule 12(e).

This issue is moot.  The Court has already explained that among the multiple deficiencies of the plaintiff's § 523(a)(4) claim, the plaintiff does not have standing to bring § 523(a)(4) claims on others' behalf.   But the Court would like to note that Federal Rule 8(d) explicitly allows inconsistent pleadings. See also United Technologies Corp. v. Mazer, 556 F.3d 1260, 1273 (11th Cir. 2009) ("[W]e are not troubled by what the district court saw as inconsistent allegations. Rule 8(d) of the Federal Rules of Civil Procedure expressly permits the pleading of both alternative and inconsistent claims.").  The complaint at issue does not allege the debtor actually acted in a fiduciary capacity—it alleges the debtor lied about being an executor, and because he *claims* to be an executor, he should fall under § 523(a)(4).  This is a Rule 12(b)(6) issue, not a Rule 12(e) issue. And had the plaintiff actually pleaded inconsistent allegations, the inconsistency would not be grounds for a more definite statement.

31

### 8. Paragraph 15

In the plaintiff's prayer for relief, she asks that the Court declare the superior court claims nondischargeable. As part of that prayer, the plaintiff states, "Plaintiff respectfully requests that this Honorable Court allow the cases to continue in Colquitt County so that Plaintiff is not unduly Prejudiced by double expenses and time."  The debtor states this violates our local rule prohibiting stay relief motions being combined with other forms of relief.

Local Rule 9004-1(a) does indeed prohibit combining motions for stay relief with other forms of relief, and under Bankruptcy Rule 7001, stay relief cannot be adjudicated through an adversary proceeding. However, pursuant to the Court's two preliminary orders on the stay relief motions in the main case (ECF Nos. 36 and 50), the stay relief motion is being carried along with the adversary proceeding, and the Court will hear both at the same time. The complaint's request for stay relief is technically improper, and thus an amended complaint should not include it, but it does not affect the adversary proceeding.

### 9. Paragraph 16

Pursuant to Federal Rule 12(f), the debtor moves to strike the complaint's ¶¶ 3–33 because the plaintiff does not state whether she consents to entry of a final judgment by a bankruptcy judge as required by Bankruptcy Rule 7008(a).  The debtor also moves to strike ¶¶ 4–33 under Federal Rule 12(f) because of "redundant, immaterial, impertinent, and scandalous matter."  And the debtor moves under Federal Rule 12(e) for a more definite statement, alleging, "The complaint is vague, ambiguous, and confusing, and is not understandable."

Federal Rule 12(f) allows a court, on its own or by a party's motion, to strike "any redundant, immaterial, impertinent, or scandalous matter."  Striking a pleading is "a drastic remedy to be resorted to only when required for the purposes of justice … [and] when the pleading to be stricken

has no possible relation to the controversy." Augustus v. Board of Public Instruction of Escambia

County, Florida, 306 F.2d 862, 868 (5th Cir. 1962) (quoting Brown & Williamson Tobacco Corp.

v. United States, 201 F.2d 819, 822 (6th Cir. 1953)). These motions "are rarely granted absent a

showing of prejudice." Stephens v. Trust for Public Land, 479 F. Supp. 2d 1341, 1346 (N.D. Ga.

2007). The rule's purpose is to avoid litigating issues that will not affect the outcome of the case

and to minimize delay, prejudice, and confusion. E.g., United States v. 6941 Morrison Drive,

Denver, Colorado, 2012 WL 5989609, at *1 (D. Colo. 2012). Establishing prejudice will be

difficult—if not impossible—if no jury will see the pleadings. See, e.g., Waneche v. Northwest

Airlines, 10 F.R.D. 403, 403 (N.D. Ohio 1950) ("Although the language … may not perform any

useful function in the complaint, prejudice to the defendant, in the event the proposed evidence is

excluded at the time of trial, can be prevented either by proper instruction to the jury or by refusal

to submit the pleadings to the jury."); Roberson v. Great American Insurance Cos. of New York, 48

F.R.D. 404, 422-23 (N.D. Ga. 1969) (the jury getting inadmissible evidence through the "back door"

of complaint allegations "might be prejudicial if the jury were to see it"; if issue is a nonjury matter,

"any prejudice to the defendant by the jury is obviated").

Federal Rule 12(e) states, "A party may move for a more definite statement of a pleading to

which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

reasonably prepare a response. … The motion … must point out the defects complained of and the

details desired." A motion for a more definite statement is proper if the pleading "fails to specify

the allegations in a manner that provides sufficient notice," Swierkiewicz v. Sorema N.A., 534 U.S.

506, 514 (2002), or does not contain enough information to frame a responsive pleading. Barnett v.

Bailey, 956 F.2d 1036, 1043 (11th Cir. 1992). This motion is intended to remedy unintelligible

pleadings rather than pleadings lacking in detail.  E.g., Fernandez v. Centric, 2013 WL 310373, at

*2 (D. Nev. 2013).

### a. Defective Allegation of Jurisdiction

The complaint states, "This Court has jurisdiction pursuant to 11 U.S.C. §157. This is a non-

core proceeding."  Federal Rule 8(a) requires that a complaint contain "a short and plain statement

of the grounds for the court's jurisdiction." Bankruptcy Rule 7008(a) adds the following

requirements for adversary complaints:

> The allegation of jurisdiction required by Rule 8(a) shall also contain a reference to
> the name, number, and chapter of the case under the Code to which the adversary
> proceeding relates and to the district and division where the case under the Code is
> pending. In an adversary proceeding before a bankruptcy judge, the complaint,
> counter claim, cross-claim or third-party complaint shall contain a statement that the
> proceeding is core or non-core and, if non-core that the pleader does or does not
> consent to entry of final orders or the judgment by the bankruptcy judge.[19]

The plaintiff alleges this adversary proceeding is a noncore proceeding but does not state

whether she consents to entry of final orders by the bankruptcy judge.  The debtor does not explain

why this omission justifies striking all but the first two paragraphs of the complaint.  The omission

does not make the remainder of the complaint redundant, immaterial, impertinent, or scandalous.

A more fitting remedy is to allow the plaintiff to clarify this allegation. At the November 7 hearing,

the plaintiff admitted that this allegation was based on a misunderstanding of the law. She accepted

the Court's explanation that dischargeability proceedings are core proceedings. The plaintiff should

therefore amend her complaint to state that this proceeding is core. Alternatively, if the plaintiff has

come to believe this proceeding is noncore, she should either amend to state she consents to entry

---

[19] Bankruptcy judges can only enter final orders in core proceedings or in noncore proceedings if all parties
consent to entry of a final disposition by the bankruptcy judge.  E.g., Sheridan v. Michels (In re Sheridan),
362 F.3d 96, 99-100 (1st Cir. 2004).  The Court can still hear noncore matters when the parties do not
consent, but the Court must propose findings of fact and conclusions of law under 28 U.S.C. § 157(c)(1)
and Bankruptcy Rule 9033 rather than enter a final, appealable order.

of a final order by the bankruptcy judge, amend to state she does not consent to entry of a final

order, or file a motion to withdraw reference under 28 U.S.C. 157(d) and Bankruptcy Rule 5011 if

she thinks cause for withdrawal exists.

The jurisdiction allegation has other defects.  The plaintiff states the Court has jurisdiction

pursuant to 11 U.S.C. § 157, which does not exist.  The plaintiff likely intended 28 U.S.C. § 157.

But that statute does not grant federal subject matter jurisdiction—it merely clarifies what matters

a district court can refer to bankruptcy judges.  The grant of jurisdiction over bankruptcy cases, and

matters arising in or related to bankruptcy cases, is in 28 U.S.C. § 1334, and a correct allegation of

jurisdiction would also contain that section. The complaint's allegation of jurisdiction also does not

contain a reference to the name, number, and chapter of the case under the Bankruptcy Code to

which the adversary proceeding relates and to the district and division where the case is pending,

as required by Bankruptcy Rule 7008(a).

Despite the mandatory language of the Federal Rules and the Bankruptcy Rules, defective

jurisdiction allegations are technical deficiencies not grounds for dismissal if the complaint

otherwise demonstrates jurisdiction. E.g., Shapiro v. Halberstram (*In re* Halberstram), 219 B.R. 356,

361 (Bankr. E.D.N.Y. 1998).  A court can find jurisdiction "even if a complaint lacks such a

jurisdictional statement, so long as the complaint makes 'references to federal law sufficient to

permit the court to find … jurisdiction, '" or "'if the complaint says enough about jurisdiction to

create some reasonable likelihood that the court is not about to hear a case that it is not supposed to

have the power to hear.'"  Scarborough v. Carotex Const., Inc., 420 Fed. Appx. 870, 873 (11th Cir.

2011) (quoting Miccosukee Tribe of Indians v. Kraus-Anderson Constr. Co., 607 F.3d 1268, 1275-

76 (11th Cir. 2010)); see also  LeBlanc v. Salem (*In re* Mailman Steam Carpet Cleaning Corp.), 196

F.3d 1, 5-6 (1st Cir. 1999) (Even if the jurisdiction asserted is incorrect, "federal subject matter

jurisdiction may be established by reading a complaint holistically .… These general principles

apply in the bankruptcy context.").

Thus the Court can look past certain technical omissions or inaccuracies if the required

information is explicitly or implicitly elsewhere.  The Court knows that with a complaint to

determine dischargeability under § 523, it is not about to hear a case it has no authority to hear, and

the other information required by Bankruptcy Rule 7008(a) is in the complaint's caption.  There is

no dispute over the main case's name, number, chapter, district, or division, and assuming the

plaintiff no longer claims this proceeding is noncore, there is no dispute over jurisdiction.  Despite

this leniency, complying with all Bankruptcy Rules and Federal Rules is always safer.  Repeated

violations of rules might be evidence that allowing future amendments would be futile. Moreover,

following every rule of procedure avoids objections and saves everyone time. The plaintiff should

use the opportunity to amend her complaint to ensure even technical deficiencies are corrected.

### b. Matter that is Redundant, Immaterial, Impertinent, and Scandalous Under Federal Rule 12(f)

The debtor does not specify which allegation(s) are redundant, immaterial, impertinent,

scandalous, vague or ambiguous.  The debtor requests a wholesale striking of ¶¶4–33, so the Court

can only assume the debtor thinks everything in all of those paragraphs falls under one or more of

those adjectives. If certain statements are prejudicial, only those statements—and not the entire

paragraph containing them—should be stricken.  Wright & Miller, Federal Practice and Procedure:

Civil 3d § 1380.

Pleadings are to be construed to do justice. And pro se pleadings are to be liberally

construed. Moreover, the stage of this proceeding requires that the Court assume the truth of the

complaint's allegations and give the plaintiff the benefit of all reasonable inferences.  In the face of

all that, the debtor cannot indiscriminately throw a bunch of adjectives at the entire complaint and

expect the Court to strike everything. Harsh words are not necessarily scandalous in a complaint alleging a history of fraud and willful and malicious injury—they might be an accurate description, and to an extent, the Court must assume they *are* an accurate description. Allegations of defrauding or injuring third parties are pertinent if they establish motive, intent, or plan in the transactions with the plaintiff. See Fed. R. Evid. 404(b)(2).  And even if the debtor specified which allegations fall under which of Federal Rule 12(f)'s adjectives, the debtor has not stated how the allegations are prejudicial. The Court sees no reason to strike any of the complaint's paragraphs. The debtor may file another, more specific, motion to strike if the debtor thinks allegations in this complaint (or a future amended complaint) prejudice him and cannot possibly relate to the proceeding.

### c. Matter that Is Vague or Ambiguous Under Rule 12(e)

The complaint's technical and substantive defects are numerous. Allegations are not as short and plain as they could be. Misunderstanding and misapplication of the law has led to mis-citing statutes, violating local rules, alleging of causes of action the plaintiff has no standing to pursue or for which she does not state a claim, failing to state the circumstances constituting fraud with particularity, and finding legal significance in certain of the debtor's actions where none exists. The complaint clearly needs work.

The complaint has defects not yet discussed that also make the complaint more difficult to understand than it should be.  Federal Rule 10(b), applicable to adversary proceedings via Bankruptcy Rule 7010, states, "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count ...."  Despite purporting to state causes of action under § 523(a)(2), § 523(a)(4), § 727(a)(4)/(d)(1), and potentially numerous causes of action under § 523(a)(6), the complaint contains no separate counts.  The factual allegations begin at ¶ 4, which contains six paragraphs of background information and specific misconduct, and

continue to ¶ 25. Paragraphs 26–33 are a mixture of legal conclusions and prayers for relief, with the formal prayer for relief following ¶ 33.  When testing the complaint's sufficiency, the Court is obligated to scour the pleading for minimal factual content and ignore the complaint's organization, but complaints should not be a jigsaw puzzle where it is up to the reader to determine which allegations support which causes of action. Separate counts would promote clarity, and the plaintiff should appropriately organize a future amended complaint.

Another mistake that impedes clarity is in ¶ 18, which states, "Plaintiff realleges and reaffirms all the allegations contained in both [superior court] Complaints … and incorporates the same by reference."  As noted in Part II.A.1, the allegations in those complaints are a mystery.  They are not attached to the pleadings, so if they contain allegations making the adversary complaint more understandable, or if they contain allegations supporting the causes of action in this adversary proceeding, the Court would not know.  The adversary complaint reads as though its allegations also form the basis for the superior court complaints.  If that assessment is correct, the allegations in the state court complaints are redundant. Re-alleging redundant allegations would not make for a short and plain statement of the claim.

If the allegations are not redundant, amending to attach the pleadings will not help.  Federal Rule 10(c), applicable here via Bankruptcy Rule 7010, says, "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Although not explicit in Federal Rule 10(c), only pleadings in the same action can be adopted by reference—not pleadings in prior actions, including actions between the same parties.  Texas Water Supply Corp. v. R.F.C., 204 F.2d 190, 196 (5th Cir. 1953) ("Rule 10(c) … permits reference to pleadings and exhibits in the same case, but there is no rule permitting the adoption of a cross-claim

in a separate action in a different court by mere reference.").[20] Moreover, the complaint would not

be a "written instrument" considered part of the adversary complaint. See, e.g., United States v.

International Longshoremen's Association, 518 F. Supp. 2d 422, 465-66 (E.D.N.Y. 2007) ("A

'written instrument' is a document evidencing legal rights or duties or giving formal expression to

a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement.

… The pleadings attached as exhibits to the Amended Complaint … are nothing more than self-

serving statements prepared by the plaintiff with no independent evidentiary value."). If the superior

court complaints contain information not in the adversary complaint, and the plaintiff wants the

Court to consider that information, the plaintiff must put that information in the body of adversary

complaint. The plaintiff can attach the superior court pleadings if she wishes, but she cannot

incorporate information therein into the adversary complaint, and that complaint will not be a part

of the pleadings.

The complaint also contains redundant allegations that are confusing because their

redundancy is not obvious.  Paragraph 17 is a multipart allegation that essentially repeats the

allegations in ¶ 11 and ¶ 12 with changes in emphasis and detail.  A casual reading suggests that the

allegations in these paragraphs are a different set of facts.

Perhaps this opinion's explanation and dismissal of certain causes of action disentangles

issues enough for the debtor to craft a response.  But the debtor should not have to cross-reference

a lengthy opinion to understand a pleading.   The complaint, as it stands now, verges on being a

shotgun complaint.  Typical characteristics of a shotgun pleading are disordered, extensive

---

[20] Some courts have allowed adoption by reference of pleadings in another case if the later pleading clearly sets out
what is being adopted. See, e.g., Cooper v. Nationwide Mut. Ins.. Co., 2002 WL 3147884, at * 5 (E.D. Pa. 2002);
see also United States v. Int'l Longshoremen's Ass'n, 518 F. Supp. 2d 422, 465 (E.D.N.Y. 2007) (noting the
disagreement). This Court, however, is bound by Texas Water Supply Corp. because decisions of the U.S. Court of
Appeals for the Fifth Circuit existing before September 30, 1981 are mandatory authority in the Eleventh Circuit.
See Bonner v. City of Prichard, Ala., 661 F.2d 1202, 1207 (11th Cir. 1981).

allegations and incorporation of the allegations into each claim, both of which create a maze for the other party in sorting out which allegations are intended to support which claim.  E.g., Streeter v City of Pensacola, 2007 WL 809786, at *1 (N.D. Fla. 2007) (citing Byrne v. Nezhat, 261 F.3d 1075, 1128-29, 133 (11th Cir. 2001); BMC Industries, Inc. v. Barth Industries, Inc., 160 F.3d 1322, 1326 n.6 (11th Cir. 1998); Anderson v. District Board of Trustees of Century, Florida Community College, 77 F.3d 364, 366 (11th Cir. 1996)).  Shotgun pleadings are a burden not only on opposing parties but also on courts, because "the judicial work that results from shotgun pleading is far more time consuming than the work required up front to prevent the case from proceeding beyond the pleadings until the issues are reasonably well defined."  Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11th Cir. 1998).  While the complaint's allegations are not lengthy or numerous, they are jumbled, confusingly repetitive in parts, incorporate allegations in other documents wholesale while not attaching the documents (while at the same time incorporating allegations that cannot be incorporated from documents that cannot be attached), and do not specify which allegations support which claims.  And the Court has expended considerable time in parsing the complaint.

However, the complaint is not unintelligible. Her factual allegations are clear. That the plaintiff's misunderstanding of the law leads to numerous incorrect conclusions does not make her allegations unintelligible. As is implied in the Court's discussion of each of the debtor's objections, the complaint's defects are best handled under other rules. For instance, a more definite statement would not help to determine whether the plaintiff states a claim under § 523(a)(2)(A) or § 523(a)(4). She clearly does not. That is a Federal Rule 12(b)(6) issue. And a more definite statement cannot be used merely to obtain greater detail about an otherwise intelligible claim, so it is an improper remedy to cure Federal Rule 9(b) particularity deficiencies. That problem is easily fixed by an

amendment, which is a Federal Rule 15 and Bankruptcy Rule 7015 issue.  Moreover, even if a more

definite statement were appropriate, the debtor has not asked for the details desired as required by

Federal Rule 12(e), and so the Court would not know what to order. The Court therefore will not

order a more definite statement. The Court will allow the plaintiff to amend her complaint.

### 10. Summary

As the Court will more fully discuss in Part III, the plaintiff will have 21 days to amend her

complaint, and the debtor will have 21 days to answer the amended complaint. The amended

complaint should address the deficiencies discussed above if the plaintiff wishes to pursue those

matters. Below is a summary of the Court's discussion.

- Part II.A.1—The Court will dismiss the § 523(a)(2)(A) claim for failing to state a claim upon which relief can be granted because the plaintiff does not allege an extension of money, credit, property or services and because the plaintiff does not allege any misrepresentations to her.

- Part II.A.2.a—The Court will dismiss the claim for attorney fees because the plaintiff does not plead the request as a claim as required by Bankruptcy Rule 7008(a).

- Part II.A.2.b—The Court will deny the motion to dismiss claim for punitive damages as inapplicable.

- Part II.A.3.a—The Court will dismiss the § 523(a)(4) claim for lack of standing and because the plaintiff does not allege a fiduciary relationship.

- Part II.A.3.b.i—The Court will dismiss § 727(d)(1) claim as to the first property on Schedule A for failing to state a claim or for not stating the circumstances constituting fraud with sufficient particularity. If the plaintiff alleges a false address, she has not stated so with sufficient particularity. If the plaintiff alleges an insufficient address, she has not alleged a false oath.

- Part II.A.3.b.ii.—The Court will dismiss the § 727(d)(1) claim as to the second property on Schedule A for failing to state a claim because the alleged misrepresentation does not relate materially to the bankruptcy case.

- Part II.A.3.b.iii—The plaintiff states a claim under § 727(d)(1) as to the third property on schedule A.

- Part II.A.3.b.iv—The Court will dismiss the § 727(d)(1) claim as to the fourth property on Schedule A for failing to state a claim because the alleged misrepresentation does not relate materially to the bankruptcy case.

- Part II.A.3.b.v—The Court will dismiss the § 727(d)(1) claim as to unspecified omitted real property because a bare allegation of omitted property does not satisfy Federal Rule 9(b).

- Part II.A.3.b.vi—The Court will dismiss the § 727(d)(a) claim as to unspecified omitted personal property because a bare allegation of omitted property does not satisfy Federal Rule 9(b).

- Part II.A.4—The Court will deny the motion to dismiss based on the statute of limitations because the plaintiff does not have to negate affirmative defenses in a complaint.

- Part II.A.5—The Court will treat the debtor's objection to his social security number being on the complaint's Exhibit A as a request for redaction. The Court will order the Clerk of the Court to remove Exhibit A from the docket, and the plaintiff will have 14 days to file a redacted Exhibit A.

- Part II.A.6—The complaint's ¶ 30 is redundant and, pursuant to Federal Rule 8(a)(2), an amended complaint should not include redundant allegations.

- Part II.A.7—The debtor's motion for a more particular statement regarding the § 523(a)(4) claim is moot because the Court will dismiss that claim. See Part II.A.3.a.

- Part II.A.8—Pursuant to Local Rule 9004-1(a), the plaintiff cannot combine motions for stay relief with other forms of relief, and under Bankruptcy Rule 7001, stay relief cannot be adjudicated through an adversary proceeding. Seeking stay relief in an adversary proceeding is improper and an amended complaint should omit the request from the prayer for relief.

- Part II.A.9.a—The Court will deny the motion to strike ¶¶ 3–33 because a defective allegation of jurisdiction does not make the remainder of the complaint redundant, impertinent, immaterial, or scandalous. However, the allegation of jurisdiction does not conform to Bankruptcy Rule 7008(a). An amended complaint should cure the deficient allegation.

- Part II.A.9.b.—Motion to strike ¶¶ 4–33 denied because the debtor did not demonstrate that any allegation had no possible relation to the proceeding or that any allegation was prejudicial.

- Part II.A.9.c—Motion for a more particular statement denied because the complaint is not unintelligible and because the complaint's deficiencies are more appropriately and more easily addressed by other rules.

## B. The Brown Complaint

This 23-paragraph complaint generated a 21-paragraph motion seeking dismissal for failure to state claims upon which relief can be granted, a more definite statement, and to strike certain allegations. The Court will examine each objection in the same manner as with the Smith complaint.

### 1. Paragraph 1

The debtor claims the plaintiffs fail to state a claim under § 523(a)(2) because "there was not any extension of credit by plaintiffs or allegations of same." As the Court stated in Part II.A.1 in response to the same objection to the Smith complaint, the debtor improperly argues a question of fact. If the debtor meant to say the plaintiffs did not allege an extension of credit, the Court again responds that § 523(a)(2) does not require an extension of credit. An extension of credit is only one possible transaction that can be the subject of a § 523(a)(2) claim. The statute also includes money, property, services, renewal of credit, and refinance of credit. The complaint alleges, in ¶ 5, that the plaintiffs paid over five thousand dollars for the real property that is the subject of the § 523(a)(2) claim.[21]

### 2. Paragraph 2

The debtor states the complaint fails to state a claim for punitive damages, attorney fees, and for producing documents. The Court refers to Part II.A.2 for legal standards applicable to attorney fees and punitive damages.

#### a. Attorney Fees

The Brown complaint, like the Smith complaint, asks for court costs, which may or may not be a request for attorney fees. If it is not a request for attorney fees, then the objection on this point

---

[21] The Court is not now finding that the plaintiffs state a claim under § 523(a)(2). The Court is only finding that the objection on this basis is meritless.

is inapplicable. If it is a request for attorney fees, they have not stated a claim for them.  The Browns

are pro se, and they have not indicated they incurred attorney fees in the state court matter.  An

ambiguous request in the prayer for relief does not state a claim, and even if the Browns had

specifically stated in the body of the complaint that they seek attorney fees, a claim by pro se

litigants for attorney fees is not facially plausible.

### b. Punitive Damages

Neither the Federal Rules nor the Bankruptcy Rules require a party to state a claim for

punitive damages. The plaintiffs allege willful and malicious acts, which puts the debtor on notice

that punitive damages are an issue. Moreover, the plaintiffs specifically ask for punitive damages.

This is sufficient

### c. Production of Documents

Paragraph (f) of the prayer for relief requests "[t]hat Defendant be required to show

documentation that proves he owned the property in question." While a party does not have to state

a claim upon which relief can be granted for the production of documents, a party also cannot be

awarded documents in a proceeding to determine dischargeability. Production of documents is a pre-

trial discovery issue. Bankruptcy Rule 7034 adopts Federal Rule 34's procedures for the discovery

of documents. If the plaintiffs want to see documents relevant to their claim, they can get them from

the debtor well before trial.

### 3. Paragraphs 3, 4, 5, 8, 9, 12, 13, 17, and 20

These paragraphs all state, in nine different ways, that the complaint does not state the

circumstances constituting fraud with particularity as required by Federal Rule 9(b).[22] The plaintiffs

allege claims under § 523(a)(2) and § 727(d)(1), both of which are based on fraud.  The Court refers

---

[22] The Court has already noted ambiguous and repetitive portions of the debtor's motions in the Smith case.  The
Court reminds the debtor that under Federal Rule 8(b)(1)(A),  defenses must also be stated in short and plain terms.

to Part II.A.3 for the applicable legal standards, and the Court will discuss the allegations supporting

each claim.

### a. § 523(a)(2) Claim

The allegations supporting this claim are as follows:

- "Plaintiffs … purchased property in 2003 from Defendant … to prevent him from bullying and harassing their family. Though Plaintiffs paid the total fee required, Defendant is attempting to take the property and has refused to provide a proper deed." ¶ 4.

- "Plaintiff paid over $5,000 to the Defendant for the purchase of land located in Crosland, Colquitt County, Georgia." ¶ 5.

- "Prior to the purchase of the property Defendant … gave a false written statement to Plaintiffs claiming it represented his ownership of the property in question." ¶ 14.

- "The statement was not in the same land district. Plaintiffs as well as Defendant live in the 9th land district which is Crosland, Georgia while the statement Defendant claimed was in the 9th land district is actually in the 8th land district. See attached EXHIBIT D." ¶ 15.

- "Defendant deliberately used a false statement that he knew Plaintiffs would rely on for the purpose of purchasing the property." ¶16.

- "Once the total fee was paid, Defendant refused to provide a warranty deed to the Browns even though Mr. Brown asked for the deed at least 10 times over a period of years." ¶ 6.

- "Instead of providing a warranty deed, Defendant Smith filed a complaint against Plaintiffs in Magistrate Court for an additional $1,995.65 in July 2009. (See attached EXHIBIT A)." ¶ 7.

- "Following the Magistrate hearing, Defendant mailed a Quit Claim Deed to Plaintiffs in October 2009." ¶ 8.

- "The deed contained false statements which Defendant inserted for the purpose of taking financial advantage and injuring Plaintiffs." ¶ 9.

- "The Defendant, on the deed, had deleted the driveway to the property, and Defendant claimed, about a year and a half later, that Plaintiffs would have to pay additional money for the driveway or pay rent. See attached deed, EXHIBIT

B." ¶ 10.

- "The defendant also claimed on the deed that there was a functioning water well on the property which is completely false." ¶ 11.

These allegations do not state with sufficient particularity the circumstances constituting fraud. The allegations do not describe an understandable transaction, but perhaps the plaintiffs can cure the deficiency by simply removing the confusion.  The Court does not know whether the sale of land was based on an oral or written contract. If the contract was in writing, simply attaching the contract to the pleading would answer some obvious questions, primarily the question, "What did the contract say?" Whether the contract was written or oral, the Court knows almost nothing about the transaction. Did they contract for a warranty deed? For a purchase price of five thousand dollars? For land in a particular land district? For a driveway? For a functioning water well? Were any of these terms even discussed? If the parties merely disagree on what they contracted for, this is a contract interpretation issue that will depend on the intent of the parties, and this is at most a breach of contract giving rise to a dischargeable debt.[23] But if the debtor promised a warranty deed, driveway, functioning water well, etc., this might still only rise to a breach of contract, but fraud is possible if the debtor made promises he did not intend to fulfill.[24]

---

[23] The debtor did not schedule the Brown superior court claim until after his discharge. Section 523(a)(3)(A) makes debts nondischargeable if not scheduled in time to permit timely filing of a proof of claim and if the creditor did not know of the bankruptcy in time to file a timely proof of claim. The circuit courts of appeal are split on whether § 523(a)(3)(A) applies in no-asset Chapter 7 cases. Compare Judd v. Wolfe, 78 F.3d 110 (3rd Cir. 1996) (section 523(a)(3)(A) does not apply in no-asset Chapter 7 cases), with Colonial Sur. Co. v. Weizman, 564 F.3d 526 (1st Cir. 2009) (section 523(a)(3)(A) applies in no-asset Chapter 7 cases; burden on debtor to prove innocent omission).  In the Eleventh Circuit, an unscheduled debt in a no-asset Chapter 7 is not discharged if the omission resulted from "fraud or intentional design." Matter of Baitcher, 781 F.2d 1520, 15 34 (11th Cir. 1986). Thus, a breach of contract claim can be nondischargeable under § 523(a)(3)(A)  if omitted from the schedules fraudulently or intentionally. While the debtor did not list the plaintiffs as a potential creditor on Schedule F in time to file a proof of claim, the plaintiffs do not allege intentional omission, and so that issue is not in front of the Court.

[24] A nonfraudulent contract breach can create a debt nondischargeable under § 523(a)(6) if it rises to the level of willful and malicious tortious conduct. See, e.g., Lockerby v. Sierra, 535 F.3d 1038, 1040-1043 (9th Cir. 2008). State law determines whether the breach also constitutes tortious behavior.  See, e.g., id.

Paragraph 14 mentions a false written statement. The wording is unclear, but it appears to say the debtor falsely represented ownership through some document. Paragraph 15 mentions another false statement.  The wording is again unclear, but presumably the "statement" in that paragraph is part of the false written statement of paragraph 14.  It seems to say the plaintiffs thought they were buying land in Colquitt County's 9th Land District but actually received land in the 8th Land District. But that makes no sense because the plaintiffs presumably knew the property's location before buying it. The attached Exhibit D—which the Court assumes is the alleged false written statement—does not illuminate matters. It is an unattested, unnotarized quitclaim deed purporting to convey 0.48 acres of land in Colquitt County's 8th Land District from one person to another person, neither of whom is the debtor. This is not a false written statement. Exhibit D appears to be a legally ineffectual conveyance between two nonparties to this proceeding of real property unrelated to this proceeding. Nothing on the exhibit represents the debtor as the owner; nothing represents the land as being in the 9th Land District.

The Court can only make sense of these allegations one of two ways.  One explanation is that the plaintiffs intended to say the debtor falsely and orally represented that the document established his ownership of land in the 9th Land District-land the plaintiffs wanted to buy, and land the debtor actually owned but for some reason lied about. But if the plaintiffs actually received the land they wanted in the 9th Land District, and the debtor had the power to convey, the Court does not see Exhibit D's relevance. The debtor might have lied about what force the document had, but if the reliance caused no damage, the plaintiffs do not state a claim. The other explanation is that the plaintiffs intended to say the debtor used the document to falsely and orally represent ownership he did not have, and the debtor had no power to convey the land the plaintiffs actually received. If that is the case, the plaintiffs might have a claim, but they must state their case more particularly.

Paragraph 16 states the debtor "deliberately used" the above false statement because "he knew Plaintiffs would rely on for the purpose of purchasing the property."  Reliance under § 523(a)(2)(A) must be justifiable. Justifiable reliance is subjective, looking at the plaintiff's capacity, knowledge, experience, characteristics, and circumstances. See, e.g., Street v. Wilken (In re Wilken), 377 B.R. 927, 932-33 (Bankr. M.D. Fla. 2006). This standard allows "a plaintiff to rely unequivocally on a representation or promise made by a debtor, without investigating the truth of the representation or promise, unless the statement is patently false." Compass Bank v. Meyer (In re Meyer), 296 B.R. 849, 861-62 (Bankr. N.D. Ala. 2003). The plaintiffs claim to have relied on the debtor's statement that a document represented his ownership of certain land when the document described different land, the debtor's name was nowhere on the document, and the document followed no formalities of a proper land conveyance. The alleged false statement verges on being patently false when compared to the document. But even simple legal documents can be intimidating and puzzling to laypeople. On a motion under Federal Rule 12(b)(6), the Court must grant the plaintiffs the benefit of all reasonable inferences, so the Court is forced to assume that the plaintiffs are quite vulnerable, imperceptive, and inexperienced, and thus the Court must assume the plaintiffs relied justifiably.[25] If the debtor made any other alleged false statements the plaintiffs relied on—e.g., "You're getting a warranty deed."—the plaintiffs should specify.

Paragraphs 7 and 8 allude to a magistrate hearing, which might complicate matters.  These allegations suggest the magistrate proceeding related to the land sale contract—a complaint "for an additional" amount of money implies the debtor sued for money owed on the contract, and the debtor mailing the deed "following the magistrate hearing" implies that the hearing resolved the dispute.  If a Colquitt County magistrate judge has spoken on this issue, the parties might not be able

---

[25] Sufficiently alleging justifiable reliance is not the same as proving it at trial, where the plaintiffs must establish by a preponderance of the evidence that they justifiably relied on the document.

to relitigate the contract because of res judicata or collateral estoppel.  And if the magistrate judge

did not make any findings precluding litigation, what was said at the hearing?  Perhaps the parties

made clear their intentions under the contract. Perhaps they reached a settlement.  The Court can

only speculate.

The plaintiffs, in ¶ 9, allege false statements in the quitclaim deed.  The plaintiffs do not

allege reliance on those statements, but even if they had, false statements made *after* a transaction

cannot be relied upon when entering a transaction.   Those statements cannot be a basis for a §

523(a)(2) claim unless the plaintiffs relied on them in a separate transaction. If, for example, the

deed reduced to writing false statements the plaintiffs relied on when settling, the plaintiffs must

state so with particularity.[26] The allegations suggest a series of statements and transactions occurring

over several years, and Court cannot ignore the possibility of a continuing fraud culminating in a

later transaction supporting a § 523(a)(2)(A) claim.

The statements alleged to be false in the deed are not specified. The plaintiffs do state, in ¶

11, that the deed falsely claims to convey a functioning water well, but it is unclear whether that is

the same false statement referred to in ¶ 9 or whether the plaintiffs allege other false statements.

More importantly, the Court does not know whether a water well was part of the contract.  If the

plaintiffs did not expect a water well, they cannot plausibly allege reliance on receiving a water well.

If the plaintiffs expected a functioning water well, again, this might be a breach of contract, not

fraud.

The Court has other questions, but the Court is confident that if the plaintiffs hew to the

relevant  legal  standards,  a  future  amended  complaint  will  be  clearer.   The  elements  of  a  §

523(a)(2)(A) claim are (1) a false statement, (2) intent to deceive, (3) justifiable reliance on the

---

[26] False statements in the deed might also be relevant if offered to establish a fraudulent mental state throughout the
transaction. See Fed. R. Evid. 404(b)(2).

statement, (4) damage.  See, e.g., Fuller v. Johannessen  (In re Johannessen), 76 F.3d 347, 350 (11th

Cir. 1996). Under Federal Rule 9, as applied to adversary proceedings by Bankruptcy Rule 7009,

the complaint must state the circumstances of the fraud with particularity.  This entails identifying

"(1) the precise statements, documents or misrepresentations made; (2) the time and place of and

persons responsible for the statement; (3) the content and manner in which the statements misled

the plaintiff; and (4) what the Defendants gained by the alleged fraud."  West Coast Roofing and

Waterproofing, Inc. v. Johns Manville, Inc., 287 Fed. Appx. 81, 86 (11th Cir. 2008). The plaintiffs

must identify the precise statements—oral or written or both—alleged to be false.  If the statements

were written, the plaintiffs should identify the document(s) containing the statement; if oral, identify

when and where the statements were made.  Either way, the plaintiffs should describe the false

statements and how the statements misled them, and the plaintiffs should specify what the debtor

gained as a result of the fraud.  The plaintiffs must allege justifiable reliance on the statements, and

the reliance must occur before any transaction. If the plaintiffs allege the debtor falsely

misrepresented multiple times over a series of transactions, leading to multiple instances of reliance,

the plaintiffs should repeat the process set out above for each instance.

### b. § 727(d)(1) Claim

The only allegation supporting this claim is the statement in ¶ 23: "Debtor did not list all of

his assets as required in 11 U.S.C. §521(1) on his Amended Schedule A – Real Property."  As stated

in Part II.A.3.b.v, the complaint "must include more than just a bare allegation that a debtor failed

to list something on his schedules." Boan v. Damrill (In re Damrill), 232 B.R. 767, 774 (Bankr.

W.D. Mo. 1999).  If the plaintiffs are privy to something the Court is not, the Court invites the

plaintiffs to plead specific information.

### 4. Paragraph 6

The debtor states, "The complaint refers to alleged claims of third parties (paragraph 20) that are not material or pertinent, claims that the plaintiff cannot pursue, and claims that are over 4 years old (paragraphs 17 and 18) and barred by the statute of limitations. Therefore the complaint fails to state a claim upon which relief can be granted." The Court will discuss each objection below.

### a. The Complaint's ¶ 20

This paragraph states, "Defendant has a long history of maliciously attempting to take property from others in the Crosland, Georgia area." Whether the debtor is moving to dismiss for failure to state a claim *and* to strike this allegation is unclear. He alludes to concepts in Federal Rule 12(f) (materiality and pertinence) while also contending the plaintiffs do not state a claim. The Court will treat ¶ 6 as dual motions to strike and dismiss.

The Court disagrees that the plaintiffs, with this allegation, are attempting to pursue a third party's claim. The motion to dismiss is thus inapplicable.  Moreover, as stated in Part II.A.9, striking an allegation is warranted only when the allegation has no possible relation to the proceeding and the allegation is prejudicial. The Court cannot say that the allegation has no possible relation. Federal Rule of Evidence 404(b)(2) allows evidence of "crimes, wrongs, or other acts" if introduced to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  The plaintiffs might, for example, introduce a history of dishonesty or bad faith in real estate transactions to prove the debtor's intent in their transaction. Moreover, the debtor does not state how ¶ 20 is prejudicial. Because the allegation is potentially relevant and has not been demonstrated as prejudicial, the Court will not strike it.

### b. The Complaint's ¶¶ 17 and 18

Paragraph 6 also states that the complaint's ¶¶ 17 and 18 state claims barred by the statute of limitations and thus fail to state a claim.  These paragraphs allege that the debtor has harassed, bullied, and willfully and maliciously caused ongoing financial and emotional injury over the last fifteen years. As stated in Part II.A.4, the plaintiffs are not required to negate affirmative defenses in a complaint and thus do not have to plead compliance with the statute of limitations. Dismissal would only be warranted if apparent on the complaint's face that the claim time-barred. These allegations do not clearly establish any claim is time-barred.

### 5. Paragraph 7

The complaint's ¶ 13 states, "Plaintiffs filed a complaint in Superior Court (Colquitt County) on August 11, 2011 in an effort to resolve this matter."  Paragraph (e) of the prayer for relief asks that the plaintiffs "be awarded all other damages as specified" in the superior court complaint.  The plaintiffs did not attach the complaint. The debtor claims this "results in a complaint so vague and ambiguous that the debtor cannot reasonably be expected to prepare a response, and same should be stricken." The Court refers to Part II.A.9 for the relevant standards.

The Court will never strike an entire complaint because of a vague prayer for relief. Granting a motion to strike is a drastic remedy. But more importantly, Rule 12(f) allows a court to strike "any redundant, immaterial, impertinent, or scandalous matter," and even then the Court will grant a motion to strike only if the implicated statements have no possible relation to the proceeding and are prejudicial. A vague prayer for relief does not meet that standard, let alone serve as the basis for striking the entire complaint. The proper motion for vague allegations is a motion for a more definite statement under Rule 12(e).  As stated in Part II.A.9, Rule 12(e) is intended to remedy unintelligible pleadings rather than pleadings lacking in detail. Moreover, the Federal Rules allow

"vague" prayers for relief, in the sense that a specific dollar amount is not required.  See, e.g. CNW

Corp. v. Japonica Partners, L.P., 776 F. Supp. 864, 869 (D. Del. 1990).

The Court, however, has its own concerns about the complaint's prayer for relief.  The prayer

for relief also requests a "judgment for compensatory, special and general damages be entered

against Defendant in an amount decided by the Judge."  The plaintiffs cannot collect twice on their

claims—they cannot get damages asked for in the superior court matter and then ask this Court to

award damages stemming from the same set of facts.  It is not clear whether the superior court

complaint alleges the same facts supporting the § 523(a)(6) claim or whether that case solely

involves the land sale contract, so awarding the damages asked for in the superior court matter and

also awarding damages for willful and malicious injury is possible. But the Court cannot now say

whether the prayer improperly asks to collect twice on the same set of facts.

As just noted, the plaintiffs seek special damages. But they do not state any items of special

damages specifically, as required by Federal Rule 9(g). The plaintiffs cannot recover special

damages they do not state specifically. E.g., Smith v. DeBartoli, 769 F.2d 451, 453 n.2 (7th Cir.

1985).

### 6. Paragraph 10

The debtor states that intent to defraud must be alleged with particularity under Bankruptcy

Rule 7009 and contends that the plaintiffs do not allege intent to defraud at all. This misstates the

law.  Federal Rule 9, and thus Bankruptcy Rule 7009, states intent may be alleged generally.  The

complaint's ¶ 16 states, "Defendant deliberately used a false statement that he knew Plaintiffs would

rely on for the purpose of purchasing the property."  This sufficiently alleges intent. But this must

be read in context with the Court's discussion in II.B.3.a finding the plaintiffs do not state the

circumstances constituting fraud with sufficient particularity. If the plaintiffs amend the complaint

to include multiple false misrepresentations and multiple instances of reliance, the plaintiffs cannot rest solely on ¶ 16.

### 7. Paragraph 11

The debtor contends the plaintiffs fail to state a claim under § 523(a)(2) because the magistrate court resolved the land sale issue and because the plaintiffs accepted a quitclaim deed. With this paragraph, the debtor essentially raises the defenses of res judicata and satisfaction/payment.

### a. Res Judicata

By claiming the magistrate judge resolved the land sale issue, the defendant raises the defense of res judicata. Res judicata is an affirmative defenses that cannot be raised in a Rule 12(b)(6) motion—it must be raised under Rule 8(c) in an answer. E.g., Concordia v. Bendekovic, 693 F.2d 1073, 1075 (11th Cir. 1982).  The same exception applies as with a Rule 12(b)(6) motion based on the statute of limitations having run: "[A] party may raise a res judicata defense by motion rather than by answer where the defense's existence can be judged on the face of the complaint." Id.

As discussed in Part II.B.3.a, the complaint's allegations on what happened at the magistrate proceeding are anything but clear.  The complaint does not say what happened at the proceeding, and it is not even clear to the Court whether the proceeding involved the real estate.  Moreover, because the plaintiffs received a deed *after* the magistrate hearing allegedly not conforming to their expectations, the magistrate judge's disposition of the issue would not bar subsequent litigation on the nonconforming deed. See, e.g., Federated Deptartment Stores, Inc. v. Moitie, 452 U.S. 394, 399 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been raised* in that action.") (emphasis added); Lobo v.

Celebrity Cruises, Inc. 704 F.3d 882, 892 (11th Cir. 2013) (for res judicata to apply, the causes of action must be identical). If the debtor, for example, falsely represented he would deliver a warranty deed, the quitclaim deed could not have been raised at that magistrate proceeding, and the issue there could not be the same issue in front of this Court.

### b. Satisfaction/Payment

The debtor claims the plaintiffs accepted a quitclaim deed, which raises either satisfaction or payment as a defense. For the Court to dismiss a complaint for failure to state a claim based an affirmative defense, the allegations in the complaint itself must establish that an affirmative defense bars recovery. E.g., Marsh v. Butler County, Alabama, 268 F.3d 1014, 1022 (11th Cir. 2001).

The plaintiffs did not allege they accepted the quitclaim deed. They very well might have legally accepted the deed, and perhaps the debtor can raise payment or satisfaction as an affirmative defense in his answer. But the Court cannot assume acceptance when ruling on a motion to dismiss for failure to state a claim.

### 8. Paragraph 14

The debtor states the plaintiff failed to allege reliance and thus fails to state a claim for fraud. This is technically true. The plaintiffs do not recite the words, "The plaintiffs relied on the debtor's false statement." Certain allegations make no sense unless the plaintiffs relied on something the debtor said. Take, for instance, ¶ 16: "Defendant deliberately used a false statement that he knew Plaintiffs would rely on for the purpose of purchasing property." The leniency toward pro se parties might override this technical error if it were the complaint's only fault. But given the uncertainty surrounding the fraud allegations, the plaintiffs should be clearer in a future pleading.

### 9. Paragraph 15

The debtor states, "[P]aragraph 12 does not state a claim for relief relating to dischargeability or an objection to discharge." The complaint's ¶ 12 states, "Defendant attempted in April 2011 and in April 2012 to collect money from the Browns that is not owed." This is not a claim for relief per se. The allegation could support the plaintiff's § 523(a)(6) claim for ongoing harassment, and the Court must assume that it does.

### 10. Paragraphs 16 and 18

In ¶ 16, the debtor moves to strike the complaint's ¶¶ 4–23 because "they contain redundant, immaterial, impertinent, and scandalous matter." He also moves for a more particular statement, stating, "The complaint is very vague, ambiguous, and confusing, and is not understandable. Debtor does not have notice of plaintiffs' claims for relief." In ¶ 18, the debtor moves to strike the complaint's ¶¶ 19–22 as "immaterial, impertinent, and scandalous" because they refer to stale matters and claims of others. The Court refers to the legal standards and discussion in Part II.A.9.

### a. Motion to Strike Under Federal Rule 12(f)

The debtor's objection to ¶ 16 does not specify which of the adjectives in Federal Rule 12(f) applies to which allegations, let alone explain why the adjective is apt, nor does the debtor explain how the allegations cannot possibly relate to the proceeding or how the allegations prejudice him. Paragraph 18 attempts to specify by contending certain allegations are stale or are claims of others, but two of those allegations potentially support the plaintiffs' claims,[27] and the other two are not even factual allegations—they are prayers for relief in the body of the complaint.[28] The debtor has not persuaded the Court that anything should be stricken.

---

[27] Paragraph 19 alleges the debtor filed a false criminal trespass report against one of the plaintiffs. Paragraph 20 alleges the debtor has a long history of maliciously trying to take property from others.

[28] Paragraph 21 requests a ruling of nondischargeability under § 523(a)(2) and § 523(a)(6). Paragraph 22 requests a revocation of the debtor's discharge under § 727(d)(1).

### b. Motion for a More Particular Statement Under Federal Rule 12(e)

The entire complaint is not unintelligible, but as explained in Part II.B.3.a, the allegations supporting the plaintiffs' § 523(a)(2)(A) claim describe an unintelligible transaction.  But instead of a more particular statement, the Court will allow the plaintiffs to amend the complaint.  Other courts have noted that one compliant document is often better than one deficient document and another document explaining the first one. See, e.g., Griffin v. Milwaukee County, 369 Fed. Appx. 741, 743 (7th Cir. 2010) ("Where the operative complaint cannot stand on its own—itself a confusing morass of legal theory and limited factual assertions—an addendum would only complicate matters.") (citing Davis v. Ruby Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001)). That is the case here. Only one claim is unintelligible—a more particular statement would require the debtor and Court to switch between two documents when considering the different causes of action. And an amended complaint would allow the plaintiffs to address all the Court's concerns in a single document instead of two (the amended complaint and the more definite statement). Particularly with pro se parties, the Court would like to avoid the complexities of multiple documents. Moreover, a practical matter, the debtor does not specify which details he desires, and so the Court would not know what to order.[29]

### 11. Paragraph 19

The debtor states "[t]hat the allegation in paragraph 21 regarding §523(a)(6) is too vague and ambiguous for debtor to reasonably be able to prepare a response and same should be alleged with greater details."   The complaint's ¶ 21 states, "Plaintiffs are requesting a ruling of

---

[29] Although this is not a Federal Rule 12(e) issue, the Brown complaint does not contain separate counts for each claim. Federal Rule 10(b) requires that claims be stated in separate counts if doing so would promote clarity.  Stating each count separately would promote the complaint's clarity because certain allegations arguably support more than one claim and the Court does not fully know which allegations support which claims. Separate counts will be even more helpful if the amended complaint adds allegations.

nondischargeability pursuant to 11 U.S.C. §523(a)(2) and 11 U.S.C. §523(a)(6) regarding all aspects

of this complaint."

The plaintiffs allege the following to support their § 523(a)(6) claim:

- "Defendant … has willfully and maliciously caused on-going financial and emotional injury to Plaintiffs' family over a period of at least 15 years." ¶ 17.

- "Plaintiffs have been subjected to ongoing harassment and bullying for at least 15 years." ¶ 18.

- "Defendant filed a completely false criminal trespass report against Plaintiff Terrance Brown in August 2010 because he was attempting to take property he does not own. See attached EXHIBIT E." ¶ 19.

- "Defendant has a long history of maliciously attempting to take property form others in the Crosland, Georgia area." ¶ 20.

Exhibit E is a copy of the criminal trespass complaint.  These allegations satisfy the minimal

requirements of notice pleading.  This § 523(a)(6) claim is not unintelligible, and the debtor cannot

use a Rule 12(e) motion merely to obtain greater detail.

### 12. Paragraph 21

This paragraph states, "[P]aragraph 23 relating to §521(1) is not material, relevant or

pertinent since debtor timely filed all required documents. The local rules do not allow an automatic

dismissal without a hearing."  The complaint's ¶ 23 states, "Debtor did not list all of his assets as

required in 11 U.S.C. §521(1) on his Amended Schedule A – Real Property."

The Court is unsure what to make of this objection.  The plaintiffs allege the debtor is

concealing real property, and the debtor's response is that the debtor timely filed Schedule A. Timely

filing Schedule A does not relieve the debtor of his duty to disclose real property.  Moreover, the

plaintiffs are not seeking dismissal, and they are not trying to do anything without a hearing. This

is an adversary proceeding-the most formal hearing possible in a bankruptcy case-to determine the

dischargeability of certain debts and to revoke the discharge.  This objection is unintelligible.

The Court earlier found ¶ 23 insufficient to support the § 727(d)(1) claim. Assuming the plaintiffs amend to add particulars, allegations of asset concealment will be relevant.

### 13. Summary

As the Court will more fully discuss in Part III, the plaintiffs will have 21 days to amend their complaint, and the debtor will have 21 days to answer the amended comlaint. The amended complaint should address the deficiencies discussed above if the plaintiffs wish to pursue those matters. Below is a summary of the Court's discussion of their complaint.

- Part II.B.1—The Court will deny the motion to dismiss 523(a)(2)(A) claim based on no extension of credit because the plaintiffs allege they paid over five thousand dollars in the transaction. But as discussed in Part II.B.3.a, the Court will dismiss for other reasons.

- Part II.B.2.a— The Court will dismiss the claim for attorney fees because the plaintiff does not plead the request as a claim as required by Bankruptcy Rule 7008(a).

- Part II.B.2.b—The Court will deny the motion for failure to state a claim for punitive damages as inapplicable.

- Part II.B.2.c—The plaintiffs cannot get documents belonging to the debtor as an award in an adversary proceeding. If the plaintiffs wish to see relevant, unprivileged documents, they must request to see them during discovery.

- Part II.B.3.a—The Court will dismiss the § 523(a)(2)(A) claim because the transaction described is incomprehensible and the plaintiffs do not describe the circumstances constituting fraud with sufficient particularity.

- Part II.B.3.b— The Court will dismiss the § 727(d)(a) claim as to unspecified omitted personal property because a bare allegation of omitted property does not satisfy Federal Rule 9(b).

- Part II.B.4.a—The Court will deny the motion to strike ¶ 20 because the debtor has not shown that the allegation has no possible relation to the proceeding and that the allegation prejudices him. The Court will deny the motion to dismiss for failure to state a claim as inapplicable.

- Part II.B.4.b—The Court will deny the motion to dismiss based on the statute of limitations because the plaintiff does not have to negate affirmative defenses in

a complaint.

- Part II.B.5—The Court will deny the motion to strike the entire complaint as inapplicable. However, the prayer for relief is potentially improper if the plaintiffs are seeking two awards under the same set of facts, and the plaintiffs do not state items of special damages specifically as required by Federal Rule 9(g).

- Part II.B.6—The plaintiffs do not have to plead fraudulent intent with specificity. They sufficiently allege intent generally. But the sufficiency is subject to the discussion in Part II.B.3.a.

- Part II.B.7.a—The Court will deny the motion to dismiss based on res judicata because the plaintiff does not have to negate affirmative defenses in a complaint.
- Part II.B.7.b—The Court will deny the motion to dismiss based satisfaction/payment because the plaintiff does not have to negate affirmative defenses in a complaint.

- Part II.B.8—The plaintiffs do not sufficiently allege reliance in their § 523(a)(2)(A) claim. As discussed in Part II.B.3.a, the Court will dismiss this claim for other reasons. An amended complaint should allege reliance more clearly.

- Part II.B.9—The Court will deny the motion to dismiss for failure to state a claim as inapplicable. The challenged allegation potentially supports a § 523(a)(6) claim.

- Part II.B.10.a—The Court will deny the motions to strike ¶¶ 4–23 and ¶¶ 19– 22 because the debtor does not explain how the allegations have no possible relation to the proceeding or prejudice him.

- Part II.B.10.b—The Court will deny the motion for a more particular statement because allowing an amended complaint is more appropriate and because the debtor does not point out the details desired.

- Part II.B.11—The Court will deny the motion for a more particular statement regarding the § 523(a)(6) claim because the claim is not unintelligible.

- Part II.B.12—The Court will deny the motion to strike ¶ 23 because the motion is unintelligible.

### III. Conclusion

The Court will grant the plaintiffs in both matters 21 days to amend their complaints. The debtor will have 21 days to answer the amended complaint. The Court has explained, in detail, the relevant substantive and procedural law, and so the Court hopes allowing the amendment will not result in further disputes over basic pleading matters.  If the Court finds that taking the time to explain proper pleading was futile, the Court might not be as accommodating in granting future amendments. The Court will enter an order in accordance with this memorandum opinion.